OPINION
{¶ 1} Defendant-appellant Jonathan B. Eicholtz pled guilty to one count of Disrupting Publi *Page 2 
Public Services, and one count of Domestic Violence. Remaining charges were dismissed. The tria court sentenced Eicholtz to maximum sentences of 18 months on each of the offenses of which h was convicted, and ordered the sentences to be served consecutively. From his sentence, Eicholt appeals.
 I {¶ 2} Eicholtz's First and Second assignments of error are as follows:
 {¶ 3} "THE TRIAL COURT ERRED IN SENTENCING EICHOLTZ TO THE MAXIMUM SENTENCE.
 {¶ 4} "THE TRIAL COURT ERRED IN SENTENCING EICHOLTZ TO CONSECUTIV SENTENCES."
 {¶ 5} At the time of his sentencing, requirements were set forth in R.C. 2929.19(B)(2)(e) fo the imposition of maximum sentences, and in R.C. 2929.14(E) for the imposition of consecutiv sentences. Eicholtz contends that the trial court did not comply with these requirements. The Stat acknowledges that because these statutory requirements for maximum and consecutive sentence have been severed from Ohio's sentencing statute by State v. Foster, 109 Ohio St.3d 1, 2006-Ohio 856, Eicholtz's sentence must be reversed, and this cause must be remanded for re-sentencing, i accordance with State v. Foster. To that limited extent, Eicholtz's First and Second assignments o error are sustained.
 II {¶ 6} Eicholtz's Third Assignment of Error is as follows:
 {¶ 7} "APPLYING THE REMEDY FROM STATE V. FOSTER TO EICHOLTZ DEPRIVE *Page 3 
DEPRIVES EICHOLTZ OF HIS DUE PROCESS RIGHTS."
 {¶ 8} Eicholtz seeks to rely upon R.C. 2929.19(B)(2)(e), and R.C.2929.14(E) for th proposition that his sentences must be reversed, and this cause must be remanded for re sentencing, in accordance with those provisions. But those provisions have been held to b unconstitutional, and have been ordered severed from the statute. State v. Foster, supra, ]}97.
 {¶ 9} Eicholtz contends that the application of the holding inState v. Foster, supra, to him violates the Due Process clause of Section 1 of the Fourteenth Amendment to the United State Constitution, as well as the ex post facto clause of Article I, Section 10 of the United State Constitution. These are interesting arguments. But as Eicholtz notes, State v. Foster, supra specifically mandates that "those [cases] pending on direct review must be remanded to trial court for new sentencing hearings not inconsistent with this opinion." Id., ¶ 104. As a court inferior to th Ohio Supreme Court, we are not permitted to ignore its mandate, regardless of our opinion whethe that mandate complies with the United States Constitution.
 {¶ 10} Eicholtz's Third Assignment of Error is overruled.
 III {¶ 11} Eicholtz's First and Second assignments of error having been sustained, to the exten noted, and his Third Assignment of Error having been overruled, the sentence imposed by the tria court is Reversed, and this cause is Remanded for re-sentencing in accordance with State v.Foster supra.
 BROGAN and GRADY, JJ., concur. *Page 4 
Copies mailed to:
William H. Lamb
Brandin D. Marlow
 Hon. Douglas M. Rastatter *Page 1