OPINION
{¶ 1} Defendant-appellant Blaine A. North appeals from the imposition of consecutive sentences for one count of aggravated burglary with an accompanying firearm specification, one count of robbery of the third degree, and one count of failure to comply with the order or signal of a police officer. *Page 2 
 {¶ 2} On April 26, 2004, North was indicted for two counts of aggravated burglary with firearm specifications, two counts of robbery with firearm specifications, one count of aggravated robbery with a firearm specification, and one count of failure to comply with the order or signal of a police officer. North pled not guilty to the charged offenses on April 29, 2004.
 {¶ 3} Pursuant to negotiations with the State, North entered a change of plea on June 17, 2004, and pled guilty to one count of aggravated burglary with a firearm specification, one count of robbery of the third degree, and one count of failure to comply with the order or signal of a police officer. On July 15, 2004, North was sentenced to nine (9) years on the aggravated burglary charge with an additional three (3) years for the firearm specification, four (4) years on the robbery charge, and four (4) years on the charge of failure to comply. The trial court ordered that the sentences be served consecutively for an aggregate sentence of twenty (20) years imprisonment.
 {¶ 4} On December 9, 2005, North filed a motion for a delayed appeal. We granted said motion on January 11, 2006. Thus, North's appeal was pending on direct review during the time in which State v. Foster
(2006), 109 Ohio St.3d 1, 845 N.E.2d 470, 2006-Ohio-856, was decided. His appeal is now properly before this Court, and therefore subject to the holding in Foster.
 I {¶ 5} North's sole assignment of error is as follows:
 {¶ 6} "THE COURT ERRED AND DEPRIVED BLAINE NORTH OF HIS CONSTITUTIONAL RIGHTS BY UTILIZING UNCONSTITUTIONAL SENTENCING *Page 3 
GUIDELINES DURING SENTENCING."
 {¶ 7} In his sole assignment, North contends that the trial court erred when it discussed certain sentencing factors contained in R.C. § 2929.14 when it sentenced North to consecutive terms for the above offenses. In particular, the trial court discussed the seriousness of the crimes and the need to protect the public from future criminal acts by North. These factors are utilized in an analysis under R.C. § 2929.14(E)(4).
 {¶ 8} In its recent decision in State v. Foster (2006),109 Ohio St.3d 1, 845 N.E.2d 470, 2006-Ohio-856, the Ohio Supreme Court held that portions of R.C. 2929.14 are unconstitutional because they violate an accused's Sixth Amendment right to a jury trial and the principles contained in Apprendi v. New Jersey (2000), 530 U.S. 466,120 S.Ct. 2348, and Blakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531, by requiring a sentencing court to make certain judicial findings before imposing a non-minimum prison sentence on an offender. Foster, supra, at ¶ 83.
 {¶ 9} Pursuant to Foster, the prison sentence imposed was essentially based on an unconstitutional portion of R.C. § 2929.14 dealing with consecutive sentences. Thus, we reverse his prison sentence for aggravated burglary with an accompanying firearm specification, robbery, and failure to comply with the order or signal of a police officer and remand this case for a new sentencing hearing consistent withFoster's mandate. In resentencing North on remand, the trial court shall consider those portions of the sentencing code unaffected byFoster, and impose any sentence within the appropriate felony range.Foster at ¶ 105. Those unaffected portions of the sentencing code to be considered include the purposes of felony sentencing pursuant to R.C. § 2929.11 and the seriousness and recidivism factors pursuant to R.C. § 2929.12. *Page 4 State v. Mathis (2006), 109 Ohio St.3d 54, 846 N.E.2d 1, 2006-Ohio-855. Thus, in light of the Supreme Court's holding in Foster, North's sole assignment of error is sustained.
 II {¶ 10} North's sole assignment of error having been sustained, the judgment of the trial court is reversed, and this matter is remanded for resentencing consistent with our holding in the opinion.
FAIN, J. and WALTERS, J., concur.
(Hon. Sumner E. Walters retired from the Third District Court of Appeals sitting by assignment of the Chief Justice of the Supreme Court of Ohio).
Copies mailed to:
William H. Lamb
Linda J. Cushman
 Hon. Douglas M. Rastatter *Page 1