OPINION
{¶ 1} Edward L. Smith appeals from the trial court's termination entry imposing an aggregate eight-year prison sentence following our earlier remand for resentencing *Page 2 
pursuant to State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856.
 {¶ 2} In his sole assignment of error, Smith contends the Ohio Supreme Court's Foster decision operates as an ex post facto law and violates his due process rights by removing the presumption of a minimum term of incarceration for first-time offenders.
 {¶ 3} The record reflects that Smith was convicted of reckless homicide with a firearm specification. On March 23, 2005, the trial court sentenced him to five years in prison for the reckless homicide and to a consecutive three-year term for the firearm specification. InState v. Smith, Montgomery App. No. 21004, 2006-Ohio-4405, we vacated the sentence and remanded the cause for resentencing pursuant toFoster. In our opinion, we noted our inability to declare the operation of Foster an ex post facto violation. We also rejected the merits of the ex post facto argument raised by Smith. Id. at ¶ 31-34. On remand, the trial court resentenced him to consecutive terms of five years and three years for the conviction and accompanying specification.
 {¶ 4} In the present appeal, Smith argues that "Foster's removal of the minimum sentence presumption operated as an ex post facto law and violated [his] constitutional due process rights * * *[.]" This court consistently has held, however, that it cannot declare the application of Foster to be an ex post facto or due process violation. See, e.g.,State v. Tobin, Greene App. No. 2005-CA-150, 2007-Ohio-1345, ¶ 107;State v. Davis, Clark App. No. 2006 CA 69, 2007-Ohio-1030, ¶ 43;State v. Durbin, Greene App. No. 2005-CA-134, 2006-Ohio-5125, ¶ 42;State v. Eicholtz, Clark App. No. 06-CA-27, 2007-Ohio-1032, ¶ 9; see also State v. Bruce, 170 Ohio App.3d 92, 2007-Ohio-175.
 {¶ 5} Because we cannot declare the operation of Foster to be an ex post facto or due process violation, we overrule Smith's assignment of error and affirm the *Page 3 
judgment of the Montgomery County Common Pleas Court. Judgment affirmed.
 GRADY and DONOVAN, JJ., concur. *Page 1