OPINION
{¶ 1} Tenika Hayes appeals from her conviction and sentence following a jury trial on charges of aggravated robbery and felonious assault with accompanying firearm specifications. *Page 2 
 {¶ 2} Hayes advances three assignments of error on appeal. First, she contends the trial court erred in overruling her objection to certain eyewitness identification testimony. Hayes claims the evidence should have been excluded from trial because the State failed to inform her about it during discovery. Second, she argues that the trial court violated her constitutional rights by imposing more than minimum sentences for her aggravated robbery and felonious assault convictions. In particular, she claims the sentencing remedy provided by the Ohio Supreme Court in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, violates the ex post facto clause of the United States Constitution. Third, she contends the trial court erred when it sentenced her to a longer period of incarceration than a co-defendant who reached a pre-trial plea agreement with the State.
 {¶ 3} The record reflects that Hayes and two co-defendants, Robert Amos and Michael Dawson, were arrested and charged in connection with the November 2005 shooting of Justin Render. The State's evidence established that Hayes took Render shopping for clothes one afternoon that month. He gave the cashier $225 out of the $625 he had in his wallet. Hayes then dropped Render off at his house. She picked him up again later that evening and drove him to an alley near State Route 35 and Hoch Street in Dayton. Hayes stopped the car in the middle of the alley as Amos and Dawson approached on foot. Hayes then exited the vehicle and pulled out a handgun while Dawson ordered Render out of the car at gunpoint. Dawson proceeded to take Render's wallet. Dawson also ordered Render to the ground while Amos took his boots and clothes. Render then heard Hayes say, "We got you now." At that point, Dawson put a *Page 3 
foot on Render's neck and shot him in the face. Dawson and Hayes then shot Render three more times in the shoulder and back before he got up and fled. Render ran toward State Route 35, where he found two Dayton police officers stopped on another call. The officers transported Render to the hospital, where he remained in a drug-induced coma for nine days. Render subsequently identified Hayes and Dawson from photo spreads.
 {¶ 4} A jury convicted Hayes on two counts of aggravated robbery and two counts of felonious assault with accompanying firearm specifications. The trial court merged the two aggravated robbery convictions and the two felonious assault convictions. It also merged the firearm specifications. The trial court then sentenced Hayes to two concurrent eight-year terms for the aggravated robbery and felonious assault convictions and a consecutive three-year term for the firearm specification. The result was an aggregate eleven-year sentence.
 {¶ 5} In her first assignment of error, Hayes contends the trial court erred in overruling her objection to testimony from prosecution witness Kim Vazquez. The record reflects that Vazquez testified, over objection from defense counsel, about looking out her window and seeing Hayes at the scene of the crime. Hayes contends the trial court should have sustained her objection because the State never advised defense counsel that Vazquez would provide eyewitness identification testimony. In support of her assignment of error, Hayes alleges a due process violation and relies solely on Crim.R. 16(B)(1)(f), which requires the State to disclose "all evidence, known or which may become known to the prosecuting attorney, favorable to the defendant and material *Page 4 
either to guilt or punishment."[1]
 {¶ 6} Upon review, we find Hayes' argument to be unpersuasive. Although the State's failure to disclose evidence favorable to an accused may violate due process and Crim.R. 16(B)(1)(f), Vazquez's identification testimony was not favorable to Hayes. Therefore, Crim.R. 16(B)(1)(f) was not violated. Nor did the State violate any other provision of Crim.R. 16. The State complied with Crim.R. 16(B)(1)(e) by providing Hayes with Vazquez's name and address as a potential witness. The State also provided the defense with copies of all written statements and police reports. No such statement existed for Vazquez, and Crim.R. 16(B)(2) would have exempted such a statement from disclosure if it did exist. On appeal, Hayes has not identified anything the State violated by failing to disclose the fact that Vazquez would identify her as having been present at the scene of the shooting. The first assignment of error is overruled.
 {¶ 7} In her second assignment of error, Hayes argues that the trial court erred by imposing more than minimum sentences for her aggravated robbery and felonious assault convictions. In particular, she claims the sentencing remedy provided by the Ohio Supreme Court in State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, constitutes an ex post facto violation by removing the presumption of a minimum term of incarceration. We have rejected this same argument many times. See, e.g., State v. Smith, Montgomery App. No. 21833, 2007-Ohio-2976 (citing cases). As we recognized in Smith, we "cannot declare the application ofFoster to be an ex post facto or due *Page 5 
process violation." Id. The second assignment of error is overruled.
 {¶ 8} In her third assignment of error, Hayes contends the trial court erred when it sentenced her to a longer prison term than Robert Amos, who reached a pre-trial plea agreement and received an aggregate sentence of nine years. Hayes claims her aggregate eleven-year sentence is improper because the record does not affirmatively show that the trial court imposed it based on the facts of this case and her personal history, and not as punishment for her failure to reach a plea agreement.
 {¶ 9} Upon review, we find no merit in Hayes' argument. Hayes relies on State v. Brewer (April 26, 1983), Montgomery App. No. 7870, wherein we quoted Columbus v. Bee (1979), 67 Ohio App.2d 65, as follows: "Once it appears in the record that the court has taken a hand in plea bargaining, that a tentative sentence has been discussed, and that a harsher sentence has followed a breakdown in negotiations, the record must show that no improper weight was given the failure to plead guilty * * * [and] must affirmatively show that the court sentenced defendant solely upon the facts of his case and his personal history, and not as punishment for his refusal to plead guilty." Id.
 {¶ 10} Brewer has no applicability in Hayes' case. We recently rejected the same argument she makes here when ruling on an appeal by her other co-defendant, Michael Dawson, who stood trial jointly with her. In State v. Dawson, Montgomery App. No. 21768, 2007-Ohio-5172, we found no error in the trial court's imposition of an eleven-year sentence on Dawson. In so doing, we distinguished Brewer, reasoning:
 {¶ 11} "In Brewer we reversed and remanded for resentencing because the record failed to affirmatively show that the defendant was sentenced solely upon the *Page 6 
facts of his case and his personal history, and not as a punishment for going to trial. We pointed out that the trial court took a hand in the plea bargaining process and offered a shorter prison term if a plea was entered. Then, after Brewer elected to go to trial, the trial court failed to explain why Brewer's sentence was harsher than that of his co-defendants who accepted the plea offer.
 {¶ 12} "Defendant's reliance on Brewer is misplaced, becauseBrewer is distinguishable on its facts. In this case, unlike inBrewer, the record does not demonstrate that the trial court took a hand in the plea bargaining process. Neither did the trial court promise any specific sentence in exchange for a guilty plea. Furthermore, due to illness, the judge who presided over the pretrial proceedings, including the plea offer, was not the same judge who presided over the trial and sentenced Defendant. Additionally, the record in this case, unlike inBrewer, is sufficient to demonstrate that the court sentenced Defendant solely upon the facts of his case and his personal history, and not as punishment for his refusal to plead guilty.
 {¶ 13} "Even after being convicted by the jury, Defendant remained unrepentant, expressed no remorse for his actions, and continued to maintain his innocence. The trial court pointed out that the jury found the evidence of his involvement to be quite clear. Furthermore, in imposing sentence the trial court noted that it had considered the purposes and principles of felony sentencing, R.C. 2929.11, the applicable seriousness and recidivism factors, R.C. 2929.12, and the fact that Defendant was on post release control at the time he committed this offense. Brewer is distinguishable and its holding does not apply to these circumstances. Defendant has failed to demonstrate that he *Page 7 
received a harsher sentence than his co-defendant as a punishment for his decision to go to trial." Id. at ¶ 20-22.
 {¶ 14} The foregoing reasoning is equally applicable in Hayes' case. The record does not reflect that the trial court took a hand in the plea-bargaining process. Nor did the trial court promise a specific sentence in exchange for a guilty plea. Furthermore, due to illness, the judge who presided over the pre-trial proceedings, including the plea offer, was not the same judge who presided over the trial and sentenced Hayes. As we noted in Dawson, these facts are sufficient to distinguishBrewer. In any event, as in Dawson, the record before us does demonstrate that the trial court sentenced Hayes based solely upon the facts of her case and her personal history, and not as punishment for her refusal to plead guilty. When imposing her sentence, the trial court noted that it had considered the purposes and principles of felony sentencing as well as the applicable seriousness and recidivism factors. Moreover, the trial court was unimpressed with her belated expression of remorse. It also noted that she was on probation when she committed the current offenses. As in Dawson, we find no basis for Hayes' argument that her sentence violates Brewer. The third assignment of error is overruled.
 {¶ 15} The judgment of the Montgomery County Common Pleas Court is affirmed.
WOLFF, P.J., and DONOVAN, J., concur.
[1] In her appellate brief, Hayes mistakenly cites Crim.R. 16(A)(1)(f), which does not exist. *Page 1