OPINION
{¶ 1} Defendant, Salvador Nunez, was convicted in 2004 following a jury trial of two counts of murder, each with a firearm specification, as a result of the execution-style slayings of a father and his son. The murders occurred in 1999, and Defendant thereafter fled to Mexico, where he *Page 2 
remained until he was extradited to Ohio in 2004. The trial court sentenced Defendant on each count of murder to fifteen years to life, plus three years on each firearm specification, to be served consecutively, for a total sentence of thirty-six years to life.
 {¶ 2} We affirmed Defendant's convictions on direct appeal, but reversed his sentences and remanded for resentencing because the trial court failed to make the findings required by R.C. 2929.14(E)(4) for imposing consecutive sentences, and because an extradition agreement between the State of Ohio and Mexico prohibits any sentence more severe than two consecutive fifteen year to life terms of imprisonment.State v. Nunez, 164 Ohio App.3d 420, 2005-Ohio-6261.
 {¶ 3} Defendant was resentenced on January 24, 2006, to fifteen years to life on each count of murder, to be served consecutively, for a total sentence of thirty years to life. Defendant again appealed to this court. Relying upon State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, Defendant argued that his consecutive sentences, which were based upon judicial findings of fact made pursuant to R.C. 2929.14(E)(4), violated his Sixth Amendment right to trial by jury. Defendant further argued that he was entitled to jail time credit for the time *Page 3 
he spent in jail in Mexico awaiting extradition to Ohio. We agreed with Defendant's arguments, and again reversed his sentences and remanded for resentencing. State v. Nunez, Montgomery App. No. 21495, 2007-Ohio-1054.
 {¶ 4} Defendant was resentenced on May 22, 2007, to fifteen years to life on each count of murder, to be served consecutively, for a total sentence of thirty years to life. The trial court gave Defendant credit for all of the time he spent in jail in Mexico awaiting extradition to Ohio.
 {¶ 5} Defendant timely appealed to this court from his resentencing. Defendant's appellate counsel filed an Anders brief, Anders v.California (1967), 386 U.S. 738, 87 S.Ct. 1396, 19 L.Ed.2d 493, stating that he could find no meritorious issues for appellate review. We notified Defendant of his appellate counsel's representations and afforded him ample time to file a pro se brief. Defendant filed a pro se brief raising three assignments of error challenging his sentence. This matter is now before us for a decision on the merits of Defendant's appeal.
FIRST ASSIGNMENT OF ERROR
 {¶ 6} "IT WAS PLAIN ERROR AND A DENIAL OF THE APPELLANT'S ABSOLUTE RIGHT TO PROCEDURAL DUE PROCESS OF LAW UNDER THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION FOR THE TRIAL *Page 4 
COURT TO IMPOSE CONSECUTIVE SENTENCES IN THIS CASE WHERE THE STATUTORY AUTHORITY TO IMPOSE SUCH SENTENCE WAS STRICKEN BY THE OHIO SUPREME COURT IN STATE V. FOSTER, 109 Ohio St.3d 1, 2006-Ohio-856."
 {¶ 7} Defendant argues that the trial court lacked authority to impose consecutive sentences because State v. Foster, as part of its remedy, excised in their entirety the statutory provisions authorizing consecutive sentences, R.C. 2929.14(E)(4) and 2929.41(A), and therefore "nothing remains in the criminal code that empowers judges to order sentences to be served consecutively." We have previously considered and rejected this same argument. State v. Rigsbee, Champaign App. No. 06CA41, 2007-Ohio-6267.
 {¶ 8} Pursuant to the Ohio Supreme Court's mandate in Foster, trial courts have the discretionary power to impose consecutive sentences.Id., at 105; Rigsbee, at ¶ 42. This power to impose consecutive sentences derives from the common law. Rigsbee, at ¶ 44. In the absence of a statute, it is a matter solely within the discretion of the sentencing court whether sentences shall run consecutively or concurrently. Stewart v. Maxwell (1963), 174 Ohio St. 180, 181;Rigsbee, at ¶ 44.
 {¶ 9} Defendant's first assignment of error lacks any *Page 5 
arguable merit.
SECOND ASSIGNMENT OF ERROR
 {¶ 10} "IT WAS PLAIN ERROR FOR THE TRIAL COURT TO RESENTENCE APPELLANT TO CONSECUTIVE SENTENCES UNDER THE PURPORTED AUTHORITY OF STATE V.FOSTER, BECAUSE DOING SO VIOLATES APPELLANT'S ABSOLUTE RIGHT TO PROCEDURAL DUE PROCESS AS WELL AS HIS SUBSTANTIVE DUE PROCESS RIGHT BECAUSE SUCH PROCEDURE VIOLATES HIS PROTECTION AGAINST APPLICATION OF EX POST FACTO LAWS AND VITIATES HIS DOUBLE JEOPARDY PROTECTION UNDER ARTICLE I, SECTION 10, OHIO CONSTITUTION AND THE FIFTH ANDFOURTEENTH AMENDMENTS, U.S. CONSTITUTION."
 {¶ 11} Defendant argues that his resentencing pursuant to State v.Foster operates as an ex post facto law, and therefore is prohibited by Article I, Section 10 of the United States Constitution. We previously considered and rejected this same argument several times. State v.Smith, Montgomery App. No. 21004, 2006-Ohio-4405, at ¶ 30-34; State v.Hayes, Montgomery App. No. 21914, 2008-Ohio-16.
 {¶ 12} Defendant also claims that the trial court's imposition of consecutive sentences violates the Double Jeopardy Clause. Defendant asserts that the judicial findings of fact in R.C. 2929.14(E)(4) necessary for imposition of consecutive sentences are essential elements of the underlying *Page 6 
crime. He argues that, to the extent the State at the initial sentencing hearing failed to prove beyond a reasonable doubt any of those judicial findings of fact, Apprendi v. New Jersey (2000), 530 U.S. 466,120 S.Ct. 2348, 147 L.Ed.2d 435; Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531, 159 L.Ed.2d 403, he was "implicitly acquitted" of those sentencing enhancement factors.
 {¶ 13} The Double Jeopardy Clause prohibits a second prosecution after acquittal as well as multiple punishments for the same offense. See:North Carolina v. Pearce (1969), 395 U.S. 711, 89 S.Ct. 2072,23 L.Ed.2d 656. Defendant has not been subjected to either one. Pursuant to the Supreme Court's mandate in Foster, trial courts now have full discretion to impose any sentence within the statutory range, and are no longer required to make any findings or give reasons before imposing maximum, consecutive, or more than minimum sentences. Id., at ¶ 7 of the syllabus. Furthermore, Defendant was not "acquitted" of anything. His sentence was reversed because it was based upon judicial findings required by an unconstitutional statute. State v. Nunez, 2007-Ohio-1054, at ¶ 4-10. The Double Jeopardy Clause is simply not implicated under those circumstances.
 {¶ 14} Defendant's second assignment of error lacks *Page 7 
arguable merit.
THIRD ASSIGNMENT OF ERROR
 {¶ 15} "APPELLANT WAS DEPRIVED OF THE EFFECTIVE ASSISTANCE OF COUNSEL AT HIS RESENTENCING HEARING OF MAY 22, 2007 AND IS PRESENTLY BEING DEPRIVED OF THE EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL DURING THE PENDENCY OF THIS CURRENT APPEAL AS OF RIGHT. REFERENCING: PENSON V.OHIO, 488 U.S. 75 (1988)."
 {¶ 16} Defendant argues that both his trial counsel at the May 22, 2007 resentencing hearing and his appellate counsel in this appeal provided ineffective representation because neither one argued that resentencing pursuant to Foster operates as an ex post facto law and violates his rights under the Double Jeopardy Clause.
 {¶ 17} Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. Strickland v. Washington (1984),466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must affirmatively demonstrate to a reasonable probability that were it not for counsel's errors, the result of the trial would have been different.Id.; State *Page 8 v. Bradley (1989), 42 Ohio St.3d 136.
 {¶ 18} In disposing of the previous assignment of error, we determined that Defendant's ex post facto and double jeopardy arguments both lacked merit. Counsel did not perform deficiently, nor was Defendant prejudiced by failing to raise issues that lack merit. Ineffective assistance of counsel has not been demonstrated.
 {¶ 19} Defendant's third assignment of error lacks arguable merit. Performing our independent review, we find no error of a non-frivolous nature. The judgment of the trial court will be affirmed.
FAIN, J. And WALTERS, J., concur.
(Hon. Sumner E. Walters, retired from the Third Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).
Copies mailed to:
Kirsten A. Brandt, Esq.
Brent E. Rambo
Salvador G. Nunez
 Hon. William B. McCracken *Page 1