OPINION
{¶ 1} Defendant was found guilty following a jury trial, of the offenses of aggravated burglary, R.C. 2911.11, and safecracking, R.C. 2911.31, in Clark County Common Pleas Court Case No. 04CR188, and the offense of burglary, R.C. 2911.12(A)(2), in Case No. 04CR547. On direct appeal, we *Page 2 
reversed Defendant's conviction for burglary as a felony of the second degree in Case No. 04CR547, due to insufficient evidence, and we entered a judgment of conviction on the lesser included offense of burglary, R.C. 2911.12(A)(3), a felony of the third degree. State v. Frock, Clark App. No. 2004CA76, 2006-Ohio-1254 at ¶ 13-26. Because the sentences the trial court had imposed were based upon judicial findings the trial court made, we also reversed Defendant's sentences in Case No. 04CR188 pursuant to State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, and we remanded both cases for resentencing. Frock at ¶ 67-68.
 {¶ 2} On July 25, 2007, the trial court resentenced Defendant. In Case No. 04-CR-188, the court imposed maximum prison terms of ten years for aggravated burglary, a first degree felony, and eighteen months for safecracking, a fourth degree felony. In Case No. 04CR547, the court imposed a maximum prison term of five years for burglary, a third degree felony, and ordered that all of the sentences in both cases 04CR188 and 04CR547 be served consecutively, for a total sentence of sixteen and one-half years in prison.
 {¶ 3} Defendant timely appealed to this court from his resentencing pursuant to Foster. *Page 3 
 FIRST ASSIGNMENT OF ERROR
 {¶ 4} "THE RESENTENCING COURT ERRED BY IMPOSING NON-MINIMUM, MAXIMUM, AND CONSECUTIVE SENTENCES IN VIOLATION OF THE DUE PROCESS AND EX POST FACTO CLAUSES OF THE UNITED STATES CONSTITUTION. FIFTH, SIXTH, ANDFOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION; BLAKELY V.WASHINGTON (2004), 542 U.S. 296; UNITED STATES V. BOOKER (2005), 543 U.S. 220."
SECOND ASSIGNMENT OF ERROR
 {¶ 5} "TRIAL COUNSEL PROVIDED INEFFECTIVE ASSISTANCE, IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION, FOR FAILING TO OBJECT TO THE RESENTENCING COURT'S RETROACTIVE APPLICATION OF THE OHIO SUPREME COURT'S REMEDY IN STATE V. FOSTER."
 THIRD ASSIGNMENT OF ERROR
 {¶ 6} "THE RESENTENCING COURT COMMITTED PLAIN ERROR AND DENIED MR. FROCK DUE PROCESS OF LAW BY IMPOSING NON-MINIMUM, MAXIMUM, AND CONSECUTIVE SENTENCES. FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION; SECTION 16, ARTICLE I OF THE OHIO CONSTITUTION."
 {¶ 7} In these related assignments of error, Defendant argues that the Ohio Supreme Court's decision and mandate in State v. Foster,supra, is unconstitutional because it operates as an ex post facto law and violates due process, *Page 4 
that the trial court therefore erred in applying Foster's remedy retroactively to his case and in resentencing Defendant pursuant toFoster, and that Defendant's trial counsel performed deficiently by failing to object to the retroactive application of Foster during resentencing. All of these claims depend on Defendant's central argument, which is that application of Foster's remedy to cases such as Defendant's, where the crime occurred before Foster was decided, violates the Ex Post Facto Clause of the United States and Ohio Constitutions.
 {¶ 8} Defendant's argument that his resentencing pursuant toFoster operates as an ex post facto law and is therefore prohibited by the Sixth and Fourteenth Amendments of the United States Constitution and Article I, Section 10 of the Ohio Constitution, has been rejected by this court on numerous occasions. State v. Nunez, Montgomery App. No. 22208, 2008-Ohio-3376; State v. Hayes, Montgomery App. No. 21914,2008-Ohio-16; State v. Smith, Montgomery App. No. 21004, 2006-Ohio-4405. Accordingly, the trial court did not err in resentencing Defendant pursuant to Foster.
 {¶ 9} Defendant's case was pending on direct review whenFoster was decided. In that circumstance, trial courts have full discretion to impose any sentence within the appropriate *Page 5 
statutory range, and are no longer required to make any findings or give reasons before imposing maximum, consecutive, or more than minimum sentences. Id., at ¶ 7 of the syllabus.
 {¶ 10} Defendant argues that his trial counsel provided ineffective representation at the July 25, 2007 resentencing hearing because he did not object that resentencing Defendant pursuant to Foster operates as an ex post facto law. That contention necessarily fails on our finding that the ex post facto argument Defendant makes lacks merit. Therefore, counsel did not perform deficiently by failing to raise issues that lack merit, Nunez, supra, and the showing of prejudice necessary for a claim of ineffective assistance of counsel has not been demonstrated.Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; State v. Bradley (1989), 42 Ohio St.3d 136.
 {¶ 11} Defendant's first, second, and third assignments of error are overruled.
FOURTH ASSIGNMENT OF ERROR
 {¶ 12} "THE TRIAL COURT DID NOT HAVE THE AUTHORITY TO IMPOSE CONSECUTIVE SENTENCES."
 {¶ 13} Defendant argues that the trial court lacked the authority to impose consecutive sentences because State v. Foster, supra, as part of its remedy, excised in their *Page 6 
entirety the statutory provisions authorizing consecutive sentences, R.C. 2929.14(E)(4) and 2929.41(A), and therefore nothing remains in the statutory provisions that gives the trial court authority to order sentences to be served consecutively. We have previously considered and rejected this same argument. Nunez, supra; State v. Rigsbee, Champaign App. No. 06CA41, 2007-Ohio-6267. In Nunez, at ¶ 8, this court stated:
 {¶ 14} "Pursuant to the Ohio Supreme Court's mandate inFoster, trial courts have the discretionary power to impose consecutive sentences. Id., at 105; Rigsbee, at ¶ 42. This power to impose consecutive sentences derives from the common law. Rigsbee, at ¶ 44. In the absence of a statute, it is a matter solely within the discretion of the sentencing court whether sentences shall run consecutively or concurrently. Stewart v. Maxwell (1963), 174 Ohio St. 180, 181;Rigsbee, at ¶ 44."
 {¶ 15} Defendant's fourth assignment of error is overruled.
The judgment of the trial court will be affirmed.
WOLFF, P.J. And BROGAN, J., concur.
Copies mailed to:
Andrew R. Picek, Esq.
 Hon. Richard J. O'Neill *Page 1