OPINION
{¶ 1} Defendant, A.D. Armstrong, appeals from a judgment of the common pleas court denying Defendant's motion for leave to file a delayed motion for a new trial.
 {¶ 2} A summary of the relevant facts was set forth in our previous decision in this case, State v. Armstrong, Montgomery *Page 2 
 {¶ 3} "{¶ 2} On June 6, 2004, Ronald Peters was shot in the head in broad daylight while he sat in his car in the parking lot of Gebhardt's Market on Gilsey Avenue in Dayton. As a result of the injuries he sustained, Peters cannot remember anything about the shooting or why he was even in that parking lot. Two eyewitnesses who were at the store at the time, Darryl Scott and his fiancé Mender Moore, saw a man climb into Peters' car through the open driver's side front window, heard a gunshot, and then watched as the man emerged from Peters' car and then walked right past them, complaining about people who try to rip him off.
 {¶ 4} "{¶ 3} Three days later, after Scott and Moore had notified police that they witnessed this crime, they were each shown a photographic lineup and each identified Defendant as the man they saw climb into Peters' car. When Defendant was interviewed by Detective Galbraith six days after the shooting, Defendant admitted that he did climb into Peters' car via the open window because Peters was trying to drive away without paying for drugs Defendant had sold him. Defendant claimed, however, that another drug dealer who was in that parking lot, Mike Jeeter or Jetter, also entered Peters' car and is the person who shot Peters. Defendant also *Page 3 
told Detective Galbraith that being in the drug business he needed a gun, and that people who try to steal dope get shot. Although Scott and Moore observed another man in the parking lot, they were positive that only Defendant had entered Peters' car.
 {¶ 5} "{¶ 4} Defendant was indicted on two counts of felonious assault in violation of R.C. 2903.11(A)(1) and (A)(2), with a firearm specification attached to each count, R.C. 2941.145, and one count of having weapons while under a disability in violation of R.C. 2923.13(A)(3). Defendant filed motions to suppress his statements and the pretrial identification evidence. The trial court overruled those motions following hearing.
 {¶ 6} "{¶ 5} Following a jury trial Defendant was found guilty of both counts of felonious assault and the accompanying specifications, but the jury was unable to reach a verdict on the weapons under disability charge. The trial court merged the two felonious assault counts and sentenced Defendant to six years in prison. The court also merged the firearm specifications and imposed an additional and consecutive three year term, for a total sentence of nine years."
 {¶ 7} We affirmed Defendant's conviction and sentence for *Page 4 
felonious assault on April 7, 2006. Id. On March 6, 2007, over two years after the jury's verdict finding him guilty of felonious assault, Defendant filed a motion seeking leave to file a delayed motion for a new trial based on a claim of newly discovered evidence. The trial court denied that motion by decision and entry filed June 6, 2007. Defendant filed a notice of appeal from the trial court's decision on July 20, 2007 (Case No. 22277).
 {¶ 8} On September 18, 2007, Defendant filed a motion to vacate court costs due to his indigency. The trial court overruled that motion by entry and order filed on September 24, 2007. Defendant filed a notice of appeal from that decision by the trial court on October 15, 2007 (Case No. 22450).
 {¶ 9} Defendant's appellate counsel filed an Anders brief, Anders v.California (1967), 386 U.S. 738, 87 S.Ct. 1396, 19 L.Ed.2d 493, stating that he could find no meritorious issues for appellate review. We notified Defendant of his appellate counsel's representations and afforded him ample time to file a pro se brief. Defendant filed his brief, pro se, on March 24, 2008. The State filed its response brief on June 18, 2008. This matter is now before us for a decision on the merits. *Page 5 
 {¶ 10} With respect to Defendant's appeal from the trial court's decision denying his motion for leave to file a delayed motion for a new trial (Case No. 22277), the State argues that this court lacks jurisdiction to consider that appeal and the assignments of error Defendant presents because Defendant's notice of appeal was not timely filed. We agree.
 {¶ 11} The trial court's judgment overruling Defendant's motion for leave to file a delayed motion for a new trial was filed on June 6, 2007. Defendant's notice of appeal from that decision was filed forty-four days later, on July 20, 2007. App. R. 4(A) requires a notice of appeal to be filed within thirty days of the entry of the judgment or order being appealed.
 {¶ 12} Failure to timely file a notice of appeal is a jurisdictional defect that precludes review by the appellate court. State ex rel.Pendell v. Adams County Board of Elections (1988), 40 Ohio St.3d 58, 60;State ex rel. Tyler v. Alexander (1990), 52 Ohio St. 3d 84; State v.Smith (January 29, 1999), Montgomery App. NO. 98CA41. Because Defendant's notice of appeal in Case No. CA 22277 was not timely filed, this court lacks jurisdiction to consider that appeal and, accordingly, Case No. CA22277 is dismissed.
 {¶ 13} With respect to Defendant's appeal from the trial *Page 6 
court's judgment overruling his motion to vacate court costs due to indigency (Case No. CA22450), Defendant's notice of appeal was timely filed in that case. The assignments of error Defendant presents in that connection are as follows:
FIRST ASSIGNMENT OF ERROR
 {¶ 14} "DURING VOIR DIRE THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED PREJUDICIAL ERROR BY PERMITTING THE STATE TO INSTRUCT THE JURY ON THE LAW OF COMPLICITY WHEN COMPLICITY WAS NOT CHARGED IN THE INDICTMENT."
SECOND ASSIGNMENT OF ERROR
 {¶ 15} "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY PERMITTING THE STATE TO AMEND THE INDICTMENT AFTER BOTH PARTIES HAD RESTED."
THIRD ASSIGNMENT OF ERROR
 {¶ 16} "THE TRIAL COURT ABUSED ITS DISCRETION BY PERMITTING THE STATE TO DISMISS A JUROR FOR CAUSE WHEN THE STATE HAD PRIOR KNOWLEDGE OF THE CIRCUMSTANCES AND DID NOT SHARE THAT KNOWLEDGE WITH THE COURT UNTIL AFTER THE EXPIRATION OF PEREMPTORY CHALLENGES."
 {¶ 17} These assignments of error have nothing whatsoever to do with the judgment appealed from in Case No. CA 22450, and the related issues concerning court costs: Defendant's indigency and/or whether the trial court abused its discretion *Page 7 
in refusing to waive costs due to Defendant's indigency. Instead, these assignments of error concern matters that relate solely to Defendant's prior trial proceedings: alleged defects and/or errors in the indictment and the voir dire proceedings. Such errors, which challenge the validity of Defendant's judgment of conviction, clearly could have been raised in Defendant's direct appeal from his conviction, but were not. Therefore, those claims are now barred by res judicata. In State v. Perry (1967),10 Ohio St.2d 175, the Ohio Supreme Court stated:
 {¶ 18} "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." Syllabus at ¶ 9.
 {¶ 19} Even were we to consider whether the trial court abused its discretion in refusing to waive the court costs due to Defendant's indigency, which is not an assignment of error Defendant presents in his pro se brief in his appeal in Case No. CA22450, but is a potential issue for appeal raised by *Page 8 
Defendant's appellate counsel in his Anders brief, we would conclude that because Defendant failed to request at the time of sentencing that the court waive the payment of court costs, any error in that regard has been forfeited, and the imposition of costs is now res judicata.State v. Threatt, 108 Ohio St.3d 277, 2006-Ohio-905; State v.Poindexter, Montgomery App. No. 22315, 2008-Ohio-4143.
 {¶ 20} We have conducted an independent review of the record, and can find no non-frivolous potential error. The judgment of the trial court overruling Defendant's motion to vacate the court costs due to indigency, which gives rise to the appeal in Case No. CA22450, will be affirmed.
FAIN, J. And DONOVAN, J., concur.
Copies mailed to:
Carley J. Ingram, Esq.
 Hon. Michael T. Hall *Page 1