OPINION
{¶ 1} Defendant, Blaine North, appeals from a judgment resentencing him pursuant to State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856.
 {¶ 2} Defendant pled guilty in 2004, pursuant to a *Page 2 
negotiated plea agreement, to one count of aggravated burglary with a firearm specification, one count of robbery, and one count of failure to comply with an order or signal of a police officer. Defendant was sentenced to consecutive prison terms totaling twenty years.
 {¶ 3} On January 11, 2006, we granted Defendant leave to file a delayed appeal. We reversed Defendant's sentences pursuant toFoster and remanded the case for resentencing. State v. North, Clark App. No. 2005-CA-125, 2007-Ohio-1679.
 {¶ 4} Defendant was resentenced on May 4, 2007. The trial court reimposed its original sentence; consecutive prison terms totaling twenty years.
 {¶ 5} Defendant timely appealed to this court from his resentencing pursuant to Foster.
 FIRST ASSIGNMENT OF ERROR
 {¶ 6} "THE SENTENCE IMPOSED BY THE TRIAL COURT WAS ILLEGAL BECAUSE IT VIOLATED THE LAW IN EFFECT AT THE TIME OF THE ORIGINAL SENTENCING, RESULTING IN NORTH BEING SENTENCED IN EXCESS OF THE MAXIMUM SENTENCE PERMITTED BY ORC 2929.14(A) AND THE DEFINING PRECEDENTS."
SECOND ASSIGNMENT OF ERROR
 {¶ 7} "THE CONSECUTIVE SENTENCES IMPOSED BY THE TRIAL COURT WERE ILLEGAL BECAUSE THE LAW EXTANT AT THE TIME OF *Page 3 
SENTENCING BLAKELY V. WASHINGTON, ET AL. MANDATED THAT THE SENTENCES BE SERVED CONCURRENTLY."
 {¶ 8} The law in effect at the time Defendant was originally sentenced on July 15, 2004, R.C. 2929.14(A) and (E)(4), created a presumption in favor of minimum and concurrent sentences. By severing from those statutes the findings requirements necessary to overcome those presumptions, the Ohio Supreme Court's decision in Foster permits Defendant to be sentenced to maximum, consecutive, and greater than minimum terms of imprisonment absent those statutory findings. Defendant argues that the holding in Foster is unconstitutional because it operates as an ex post facto law and violates his right to due process of law, and that the trial court therefore erred in applyingFoster's remedy retroactively to his case and resentencing Defendant as it did, to non-minimum, consecutive sentences.
 {¶ 9} Defendant's argument that his resentencing pursuant to the holding in Foster operates as an ex post facto law and the due process violation and is therefore prohibited by the Sixth andFourteenth Amendments to the United States Constitution and Article I, Section 10
of the Ohio Constitution, has been considered and rejected by this court on numerous occasions. See: State v. Frock, Clark App. *Page 4 
Nos. 07CA102, 07CA103, 2008-Ohio-4533, and the cases cited therein. The trial court did not err in resentencing Defendant pursuant to Foster.
 {¶ 10} Defendant also argues that the trial court lacked the authority to impose consecutive sentences because, as part of its remedy,Foster excised in their entirety the statutory provisions authorizing consecutive sentences, R.C. 2929.14(E)(4) and 2929.41(A), and therefore nothing remains in the statutory provisions that gives the trial court the authority to order sentences to be served consecutively. We have previously considered and rejected this same argument on several occasions. See: Frock, supra, and the cases cited therein.
 {¶ 11} Finally, Defendant argues that his resentencing pursuant toFoster, because it subjected him to sentences greater than those authorized by the law in effect at the time of his original sentencing hearing, violated the Double Jeopardy Clause. Once again, we have previously considered and rejected this same argument. State v.Nunez, Montgomery App. No. 22208, 2008-Ohio-3376.
 {¶ 12} Additionally, we have held that claims such as those Defendant makes in this appeal, which contend that a decision and mandate of the Ohio Supreme Court is unconstitutional, are *Page 5 
not cognizable by this court. State v. Bell, 176 Ohio App.3d 378,2008-Ohio-2578. We cannot find that the Ohio Supreme Court acted unconstitutionally when it decided Foster. Id.
 {¶ 13} Defendant's first and second assignments of error are overruled.
THIRD ASSIGNMENT OF ERROR
 {¶ 14} "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY ENTERING FINDINGS OF GUILTY TO AGGRAVATED BURGLARY, ROBBERY AND FAILURE TO COMPLY WITH A POLICE ORDER WHEN INDICTMENTS FOR SAID CHARGES WERE CONSTITUTIONALLY DEFECTIVE."
 {¶ 15} Relying upon the Ohio Supreme Court's recent decision inState v. Colon, 118 Ohio St.3d 26, 2008-Ohio-1624, Defendant argues in a supplemental brief he filed that his indictment for robbery and aggravated burglary was constitutionally defective because it omitted an essential element of those offenses, the mens rea element, that the defect constituted "structural error," and that he did not waive that defect in the indictment by failing to raise it or object at trial.
 {¶ 16} The error Defendant assigns has nothing whatsoever to do with the final judgment from which this appeal was taken, which is the trial court's May 9, 2007 judgment resentencing Defendant. The assigned error instead relates *Page 6 
solely to Defendant's prior trial proceeding and involve alleged defects and errors in the indictment. Such errors, which challenge the validity of Defendant's judgment of conviction, could have been raised in Defendant's direct appeal from his conviction, Case No. 05CA125, but were not. Therefore, those claims are now barred by res judicata.State v. Armstrong, Montgomery App. Nos. 22450, 22277, 2008-Ohio-4532;State v. Perry (1967), 10 Ohio St.2d 175.
 {¶ 17} Defendant's third assignment of error is overruled. The judgment of the trial court will be affirmed.
 FAIN, J. And DONOVAN, J., concur. *Page 1