OPINION
{¶ 1} Defendant, Thomas Tyrone Henderson, was convicted following a jury trial of aggravated burglary in violation of R.C. 2911.11(A)(1). The trial court sentenced Defendant to eight years in prison. On direct appeal, State v. Henderson, Montgomery App. No. 21481, 2007-Ohio-134, this court affirmed *Page 2 
Defendant's conviction but reversed his sentence and remanded the matter for resentencing pursuant to State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856.
 {¶ 2} On January 25, 2007, the trial court resentenced Defendant to the same eight year prison term it had previously imposed. On January 30, 2008, we granted Defendant leave to file a delayed appeal from the trial court's judgment resentencing him.
 {¶ 3} Defendant's appellate counsel filed a brief pursuant toAnders v. California (1967), 386 U.S. 738, 87 S.Ct. 1396,19 L.Ed.2d 493, stating that he could find no meritorious issues for appellate review and that there is no basis in fact or law to maintain this appeal. We notified Defendant of his appellate counsel's representations and afforded him time to file a pro se brief.
 {¶ 4} Defendant filed a pro se brief presenting one assignment of error for our review, and the State filed its brief in response. This matter is now before us for a decision on the merits of Defendant's appeal.
 {¶ 5} In his pro se brief, Defendant raises the following assignment of error:
 {¶ 6} "TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT WHEN IT PRESENTED APPELLANT WITH AN INDICTMENT THAT IS *Page 3 
DEFECTIVE AND INSUFFICIENT."
 {¶ 7} Relying upon the Ohio Supreme Court's recent decision inState v. Colon, 118 Ohio St.3d 26, 2008-Ohio-1624, Defendant argues that because his indictment for aggravated burglary omitted the essential mens rea element for that offense, the indictment was constitutionally defective due to structural error.
 {¶ 8} The Colon error Defendant assigns relates solely to the trial proceedings that culminated in his conviction, which we affirmed in his prior appeal. The alleged error has no bearing on the trial court's judgment of January 26, 2007, resentencing Defendant pursuant to our remand, from which the present appeal was taken. Because the error assigned could have been raised in the prior appeal but was not, the error assigned is barred by res judicata as grounds for relief in the present appeal. State v. Perry (1967), 10 Ohio St.2d 175; State v.Armstrong, Montgomery App. Nos. 22450, 22277, 2008-Ohio-4532; State v.Simons, Champaign App. No. 2003-CA-29, 2004-Ohio-6061, at ¶ 6. The assignment of error in Defendant's pro se brief is therefore without merit, and it is overruled.
 {¶ 9} In addition to reviewing the issue raised in Defendant's pro se brief, we have conducted an independent review of the trial court's proceedings and have found no *Page 4 
error having arguable merit. Penson v. Ohio (1988), 488 U.S. 25,109 S.Ct. 346, 102 L.Ed.2d 300. Accordingly, the judgment of the trial court will be affirmed.
WOLFF, P.J. And DONOVAN, J., concur.
Copies mailed to:
Johnna M. Shia, Esq.
Antony A. Abboud, Esq.
 Hon. Mary Lynn Wiseman *Page 1