to Spring and Acker, who likewise conveyed after the first five-year term had expired. Whether these recitals would constitute a renewal of the option to purchase we do hot decide, but we are clear that they constitute evidence which this court may consider as to the reasonable interpretation of the renewal clause.

We therefore reach the conclusion that the plaintiff is entitled to a decree for specific performance in the premises described in the amended petition as against all of the defendants.

*Decree accordingly.*

FERNEDING and KUNKLE, JJ., concur.

POTTS *v.* THE PARK INVESTMENT CO.

236

(Decided November 28, 1927.)

Messrs. *Dustin, McKeehan, Merrick, Arter & Stewart,* for plaintiff in error.

Messrs. *Thompson, Hine & Flory,* for defendant in error.

MILLS, J.   This cause, being an action for damages for breach of contract to execute a lease, comes here on error to the court of common pleas, which at the trial below directed a verdict and rendered a judgment for $700, and interest, against Ben H. Potts, defendant below, called defendant here for convenience throughout the course of this opinion,

in favor of the Park Investment Company, plaintiff below, here again called plaintiff.

The plaintiff was the owner of certain land and buildings known as the Oxford Apartments, at 2100 Surrey road, in Cleveland Heights, and defendant was, by virtue of a certain written lease, the tenant of suite 6 on the third floor of said apartment building for a specified term of 10 months, ending August 31, 1924, at a specified rental of $140 a month.

The petition alleges that on August 14, 1924, while defendant was still occupying suite 6, the plaintiff made defendant a written offer to renew the lease for a period of one year, beginning September 1, 1924, and that on August 20, 1924, defendant made a written acceptance of the offer, and occupied the suite under said agreement during the month of September, paying the rent therefor, but thereafter vacated said premises and repudiated the contract, to plaintiff's damage in the sum of $700 rental for the months of October to February, inclusive, with interest from December 1, the average due date on the monthly installments of rent.

Defendant admits the receipt of the written offer, and admits that he occupied the suite during the month of September, 1924, and that he paid the rent therefor; but he denies that he accepted in writing, or in any other manner, the plaintiff's offer to renew the lease. It is conceded that defendant vacated the apartment before the end of September.

At the trial below there were admitted in evidence, without objection, the lease for the term ending August 31, 1924, and six letters received by defendant from the plaintiff, and two letters received by plaintiff from the defendant. These nine documents con-

stitute all the material evidence bearing on the issue. No exceptions were taken to the trial court's rulings on question of evidence, except in three instances where the plaintiff excepted to the exclusion of certain testimony offered by it as to three separate conversations between the defendant and certain officers of plaintiff corporation. Although the party whose proffered evidence was excluded in those three instances, was the prevailing party below, we shall pass upon his exceptions, as we shall enter the judgment here that the court below should have entered.

The trial court refused to permit plaintiff to introduce the testimony of one of its officers to the effect that on either the last day of August or the first day of September, in two separate conversations over the telephone, the defendant orally agreed to execute the lease. That evidence was properly excluded, since the petition alleged that the contract was in writing.

The trial court refused to permit plaintiff to introduce the testimony of an officer of the plaintiff corporation to the effect that, on or about September 15, "he told Mr. Potts that he was already bound by the letters which they had exchanged, and that Mr. Potts did not deny this." Plaintiff's assertion that defendant was bound by the letters already exchanged between the parties was the statement of a conclusion of law. If defendant's failure to deny the correctness of that assertion be regarded as an admission, it was an admission of a conclusion of law. As such, it was properly excluded. Chamberlayne on Evidence, Sections 1293, 2325, 2365, and 2367, and cases there cited.

Plaintiff's case therefore rests entirely upon the

correspondence between the parties.    The first three letters were as follows:

"Cleveland, O., August 14, 1924.

"Mr. Benjamin H. Potts, Suite No. 6, Oxford Apts., Cleveland Heights, Ohio—Dear Sir: We beg to call your attention to your lease covering suite No. 6 in the Oxford Apartments, which expires as of the last day of August next.   Rental on this suite for the year beginning September 1st next and ending August 31, 1925, will be $140 per month.   All of the other terms and conditions of tenancy or lease to be the same as in your present lease.

"In order to obtain the apartment at this rental for the additional term indicated above, it will be necessary for you to notify us at once of your acceptance of lease for 1 year as above outlined.   On receipt of such notice, we will immediately prepare lease, submit same to you, and endeavor to obtain your signature thereto.   If you fail to sign and return the lease to us when submitted, as tenants sometimes do, we are to have the right, if we so wish, to elect to hold that this letter and notice of acceptance by you constitute a lease as above provided, or we may hold that no lease or contract for lease exists.

"If you do not accept a further lease for 1 year as above stipulated and we do not rent the premises to others and by any combination of circumstances, you continue in the premises after the last day of September next, such continuance will be held by us to be an agreement on your part for extension of 1 year of your present lease by reason of what

is termed a 'hold-over,' at the rental stipulated above and under all the other terms and conditions mentioned in your present lease. If you have arranged for other quarters and do not wish to continue as a tenant, we will appreciate it if you will so advise us on receipt of this letter.

"We wish to express, further, our appreciation of your past tenancy and to thank you therefor, also to express the wish that you may continue to be numbered among the tenants of the apartment.

"Very truly yours,

"Park Investment Company,
"By J. G. Heckelman."

"Cleveland, Ohio, August 20, 1924.

"Park Investment Company, Cleveland, Ohio. Attention Mr. J. G. Heckelman — Gentlemen: Referring to your letter of August 14th, it is our 'intention to remain in property at 2100 Surrey road, and you can prepare lease accordingly.

"There is only one thing, Mrs. Potts has not been at all well and it is now quite a task for her to climb to the third story and we would like to know if we have first choice on second story, either building, preferably the one toward Euclid boulevard. Do you know whether either of these four tenants contemplate moving? Otherwise we can remain in our present quarters until such time as there is a vacancy in one of the four apartments mentioned. We might also consider one of the first floor apartments.

"Will you write me in preparing lease for present quarters, giving us the assurance we can have the refusal of apartments as mentioned above if vacated,

until we make selection of some particular apartment.

"Yours very truly,
"B. H. Potts, 2100 Surrey."

"August 22, 1924.
"Mr. B. H. Potts, 2100 Surrey Road, East Cleveland, Ohio.—Dear Sir: We have your favor of August 20th, with reference to your further tenancy in the Oxford Apartments, and we will prepare lease and tender same to you for your signature within the next day or two. ˋ

"We regret that we cannot give you an option on other space. We will, however, bear you in mind should there be any vacancies. In this connection we would advise that the apartments on the Euclid boulevard side command a greater rental than you are now paying.

"Thanking you for your tenancy,
"Very truly yours,
"The Park Investment Company,
"By————————.''

On September 2 plaintiff wrote to defendant enclosing duplicate lease forms, with a request for defendant's signature and a promise of plaintiff's signature.

On September 12 plaintiff again wrote to defendant requesting him to sign the lease promptly.

The next letter in the series reads as follows:

"Cleveland, O., Sept. 18, 1924.
"Mr. Ben J. Potts, Suite No. 6, Oxford Apts., 2100 Surrey Road, Cleveland Heights, Ohio — Dear Sir: In accordance with your conversation had with the

writer on Monday, we have had displayed in front
of the Oxford Apartment a 'For Rent' sign and will
use our best endeavors to secure a tenant for suite
occupied by you in the Oxford Apartment; namely,
suite No. 6.

"In accordance with our letter of August 14th,
copy of which is attached, you are, as the writer ad-
vised you, obligated to us, for another year under
what is known as a 'hold-over.' We are hopeful,
however, to obtain a substitute tenant for you, thus
minimizing the cost to you in the matter, and in the
event we are able to do so, there will be no charge for
our service in making such rental. We suggest, how-
ever, that you offer this suite for rent through some
of the real estate agents and also suggest that it
might be advisable to advertise the suite. Sub-
tenant, of course, would have to be satisfactory to
us, however obtained, and consent to subletting given
at that time.

"In the event that you decide to remain in the
premises, we will be glad to have you so advise us
and we would also appreciate it if you would keep
us informed as to about when the premises will be
available for the occupancy of others.

"Very truly yours,
"The Park Investment Company."

On September 25 defendant wrote a letter deny-
ing all liability "as a hold-over or in any other
way," and giving notice of his intention to vacate.

On November 24 plaintiff wrote another letter,
repeating the claim that defendant was liable under
the "law of hold-over."

Although plaintiff's letters of September 18 and

November 24 advance the claim that defendant was bound, under the principle of holding-over, by reason of his occupancy of the suite after the last day of August, that claim has been withdrawn.

At the conclusion of all the testimony, the defendant below moved that the court direct a verdict in his favor. That motion was overruled. Thereupon the plaintiff made a motion, which was granted, for an instructed verdict in his favor. The court below erred in granting plaintiff's motion and in overruling the motion for an instructed verdict in favor of the defendant.

The question at issue was whether or not the defendant had agreed, in writing, to execute a year's lease of suite 6. The negotiations for a lease were by correspondence. This correspondence was in evidence, and it constituted all the evidence bearing on the issue. There being no dispute as to the fact that this correspondence had been exchanged, its construction was for the court.

This court, construing the correspondence, holds that it shows that the minds of the parties never met, and that there was, therefore, no contract.

Defendant's letter of August 20 was not an acceptance of the offer made in plaintiff's letter of August 14. Defendant, instead of agreeing to accept a lease of suite 6, says: "It is our intention to remain in property at 2100 Surrey road." The "property at 2100 Surrey road" included numerous suites or apartments. Defendant's letter constituted a counterproposition to lease suite 6, with an option to vacate it at any time in exchange for one of the other apartments mentioned in the letter, provided one of those other apartments became vacant. He

used the words: "There is only one thing." That phrase, in view of the context, can only be construed to mean: "There is only one condition to my acceptance." That condition was never met by the plaintiff. It was rejected by plaintiff in its letter of August 22.

Plaintiff's letters of September 2 and September 12, being mere solicitations, did not change the situation. Plaintiff's subsequent assertions that defendant was liable under the principle of holding-over do not strengthen his present contention that the defendant was bound by a written agreement.

The judgment of the court below will be reversed, and judgment entered here for the plaintiff in error, who was the defendant below.

*Judgment reversed and judgment for plaintiff in error.*

HAMILTON, P. J., and CUSHING, J., concur.

Judges of the First Appellate District, sitting in place of Judges SULLIVAN, VICKERY and LEVINE, of the Eighth Appellate District.