OPINION
{¶ 1} Defendant-appellant Prince Graves appeals from his sentence and conviction for felonious assault, in violation of R.C. § 2903.11(A)(2), a felony of the second degree.
 {¶ 2} On April 28, 2004, Graves was indicted on one count of carrying a concealed weapon and one count of felonious assault with an attendant firearm specification. Graves filed a motion to suppress statements he made to the police without counsel being present on September 17, 2004. On October 4, 2004, the trial court overruled said motion.
 {¶ 3} In exchange for the State's dismissal of the concealed weapon charge, Graves plead guilty to felonious assault with the firearm specification on October 8, 2004. On December 17, 2004, the trial court sentenced Graves to three years in prison for the firearm specification and four years for the felonious assault, the terms to be served consecutively for a total of seven years.
 {¶ 4} In the instant appeal, Graves submits three assignments of error for review by this Court. In his first assignment, Graves contends that the non-minimum sentence imposed by the trial court is contrary to law because it was based on facts not proven to a jury or admitted by Graves. With respect to his second assignment, Graves argues that he did not waive his right to raise U.S. v. Blakely issues on appeal because his arguments are based on new law. (2004), 542 U.S. 296, 124 S.Ct. 2531. Lastly, Graves contends that the trial court's decision to overrule his motion to suppress should be reversed because the police did not obtain a valid waiver of his Miranda rights before interrogating him.
 {¶ 5} For the following reasons, we affirm the decision of the trial court.
 II {¶ 6} Graves' first and second assignments are as follows:
 {¶ 7} "MR. GRAVES' NON MINIMUM SENTENCE IS UNLAWFUL BECAUSE IT IS BASED UPON FACTS NOT PROVEN TO A JURY OR ADMITTED BY THE DEFENDANT."
 {¶ 8} "MR. GRAVES DID NOT WAIVE HIS RIGHT TO RAISE BLAKELY ISSUES ON APPEAL BECAUSE HIS ARGUMENTS ARE BASED UPON NEW LAW."
 {¶ 9} In his first assignment of error, Graves contends that the non-minimum sentence imposed by the trial court is contrary to law in light of how the holdings in Blakely, supra, U.S. v. Booker (2005),125 S.Ct. 738, 160 L.Ed.2d 621, and Apprendi v. New Jersey (2000),530 U.S. 466, 120 S.Ct. 2348, have been applied to the Ohio statutory scheme in State v. Montgomery, 159 Ohio App.3d 752, 2005-Ohio-1018. The trial court determined that imposition of the minimum sentence would demean the seriousness of the offense since it found that the victim was shot four times. Citing the above cases, Graves asserts that this finding was made by the trial court without the benefit of his right to a jury and is, therefore, contrary to law. Graves, however, failed to raise this argument prior to sentencing. Thus, he has waived it for the purposes of this appeal.
 {¶ 10} Recently, in State v. Cressel (April 29, 2005), Montgomery App. Nos. 20337, 20348, we reiterated our view "that an appellant waives his argument regarding the application of Blakely to his sentence under Ohio's sentencing guidelines by not raising the issue before sentencing is imposed by the trial court." Citing State v. Austin (March 11, 2005), Montgomery App. No. 20445, 2005-Ohio-1035. We also held that the "Blakely decision did not create new law but merely applied the existing law established in Apprendi v. New Jersey." Cressel, supra. Lastly, we found that there was no "plain error" present in Ohio's sentencing scheme. Id.
 {¶ 11} Graves' assertion that the First District's Montgomery decision created new law with respect to Apprendi and its progeny, is without merit. The Montgomery decision did not create new law but merely applied existing law in the First District. We are not required to retroactively apply the holding in Montgomery to the facts of the instant case nor are we required to follow the holding of another appellate district.
 {¶ 12} Graves also argues that he did raise the sentencing issue to the trial court in a pre-sentence memorandum. Specifically, Graves asserts in his sentencing memorandum that a minimum sentence was appropriate since he had not served a prior prison term. Graves did not, however, object to the imposition of a non-minimum sentence on the basis that Blakely applied. In fact, Graves cited no constitutional grounds in his memorandum requesting a minimum sentence. Thus, Graves has waived this argument on appeal.
 {¶ 13} Graves' first and second assignments of error are overruled.
 III {¶ 14} Graves' third and final assignment is as follows:
 {¶ 15} "MR. GRAVES' FIFTH AMENDMENT RIGHTS WERE VIOLATED BY THE POLICE WHEN HE WAS INTERROGATED WITHOUT A VALID WAIVER OF HIS RIGHTS."
 {¶ 16} In his final assignment of error, Graves contends that his age (20 years old), his lack of experience with the criminal justice system, and his eighth grade education precluded him from making a knowing and voluntary waiver of his Miranda rights.
 {¶ 17} Crim. R. 12(H) states in pertinent part:
 {¶ 18} "The plea of no contest does not preclude a defendant from asserting upon appeal that the trial court prejudicially erred in ruling on a pretrial motion, including a pretrial motion to suppress evidence."
 {¶ 19} "A plea of guilty operates as waiver of claimed errors of the trial court in overruling pretrial motions." State v. Mastice (June 8, 1987), Montgomery App. No. 10154, citing Huber Heights v. Duty (1985),27 Ohio App. 244, 500 N.E.2d 339. Claimed errors in overruling motions to suppress evidence are waived by a plea of guilty. Mastice, supra.
 {¶ 20} It is undisputed that Graves entered a guilty plea prior to sentencing. It is worthy of note that Graves does not contend that his plea was involuntary or unknowing. Further, Graves does not attempt to argue that his trial counsel's performance fell below any objective standard. Rather, Graves has chosen on appeal to attack the correctness of the trial court's decision to overrule his motion to suppress. Having entered a plea of guilty, Graves has waived that right.
 {¶ 21} Graves' final assignment of error is overruled.
 {¶ 22} The judgment of the trial court will be affirmed.
Wolff, J. and Grady, J., concur.