OPINION
{¶ 1} Defendant, William H.L. Hanneman, entered a guilty plea to a charge of complicity to commit aggravated robbery. R.C. 2923.03(A)(2),2911.01(A)(1). The trial court accepted Defendant's guilty plea pursuant to Crim.R. 11(C), and subsequently entered its judgment of conviction and sentence *Page 2 
pursuant to Crim.R. 32(A) and (C), imposing a three year term of imprisonment. Defendant filed a timely notice of appeal.
 {¶ 2} Defendant presents two assignments of error for our review. Both involve a motion Defendant filed prior to trial, pursuant to Crim.R. 12(C). One was a motion to dismiss the indictment. The other was a motion to suppress evidence. The trial court denied both motions, and Defendant assigns error in that regard.
 {¶ 3} The motions Defendant filed are authorized by Crim.R. 12(C), which permits the court to grant relief on motions filed prior to trial which are "capable of determination without the trial of the general issue." Id. That general issue is the accused's alleged criminal liability for the offense or offenses charged in the indictment or complaint. In order to be criminally liable, the accused must have engaged in conduct which a section of the Revised Code prohibits, acting with the requisite degree of culpability specified by the section defining the offense. R.C. 2901.21 (A).
 {¶ 4} Motions filed pursuant to Crim.R. 12(C) do not present issues of guilt or innocence. Rather, they are collateral attacks on the State's prosecution of the offense or offenses alleged. However, any defects or irregularities *Page 3 
which a Crim.R. 12(C) motion might present are waived by a defendant's guilty plea, because the plea is a complete admission of the defendant's guilt. Crim.R. 11(B)(1). Absent a defect in the Crim.R. 11(C) proceeding in which the guilty plea was offered and accepted that affects the knowing and voluntary character of the guilty plea, the guilty plea also renders harmless any errors in denying a prior Crim.R. 12(C) motion the defendant filed, because the error then cannot have affected the defendant's substantial rights. Crim.R. 52(A).
 {¶ 5} Crim.R. 52(A) further states that harmless errors "shall be disregarded." For that reason, it has been held that a defendant who enters a guilty plea, as Defendant Hanneman did, thereby waives his right to argue on appeal that the trial court erred when it denied a motion to dismiss or a motion to suppress evidence that the defendant filed pursuant to Crim.R. 12(C). Huber Heights v. Duty (1985),27 Ohio App. 3d 244. Then, the only issue is whether an error in the plea proceeding precluded the defendant from entering a knowing, intelligent, and voluntary plea of guilty. State v. Kelley (1991), 57 Ohio St.3d 127. Hanneman does not assign error in that regard.
 {¶ 6} The assignments of error are overruled. The judgment of the trial court will be affirmed. *Page 4 
 WOLFF, P.J. And FAIN, J., concur. *Page 1