OPINION
{¶ 1} Defendant, Earl Frost, appeals from his conviction and sentence for gross sexual imposition involving a child under ten years of age.
 {¶ 2} On two occasions between July 1, 2004 and July 22, 2005, seven year old K.M. spent the night at her maternal *Page 2 
grandmother's home at 2025 Irwin Avenue in Springfield. K.M. slept in bed with her grandmother and Defendant, who is the live-in boyfriend of the grandmother. While K.M. was in the bed, Defendant inserted his fingers into K.M.'s vagina.
 {¶ 3} Defendant was indicted on two counts of rape involving a child under thirteen years of age in violation of R.C. 2907.02(A)(1)(b). Attached to each charge was a specification that the victim was less than ten years of age, which carries a possible sentence of life without parole. R.C. 2907.02(B).
 {¶ 4} Defendant filed a motion to suppress the statements he made to police. Following a hearing, the trial court overruled Defendant's motion to suppress. Thereafter, pursuant to a plea agreement, Defendant entered pleas of guilty to an amended charge of gross sexual imposition, R.C. 2907.05(A)(4), two counts, which are felonies of the third degree. The trial court accepted Defendant's guilty pleas and sentenced him to concurrent five year prison terms. The court also classified Defendant as a sexually oriented offender.
 {¶ 5} Defendant timely appealed to this court from his conviction and sentence.
ASSIGNMENT OF ERROR
 {¶ 6} "THE TRIAL COURT ERRED IN FAILING TO GRANT THE *Page 3 
MOTION TO SUPPRESS."
 {¶ 7} Defendant argues that the trial court erred in failing to grant his motion to suppress statements he made to police because he was not properly advised of all his Miranda rights, did not understand those rights, and his statements were not voluntary. We need not address the merits of these claims.
 {¶ 8} By pleading guilty in this case to two counts of gross sexual imposition, Defendant waived his right to claim error with respect to the trial court's denial of his motion to suppress statements he made to police. Huber Heights v. Duty (1985), 27 Ohio App.3d 244; State v.Hanneman, Montgomery App. No. 21772, 2007-Ohio-5175. A plea of guilty waives all appealable errors that may have occurred during the trial, unless such errors precluded Defendant from knowingly and voluntarily entering his guilty plea. State v. Kelley (1991), 57 Ohio St.3d 127;Hanneman; State v. Montgomery, Montgomery App. No. 21508, 2007-Ohio-439;State v. Kidd, Clark App. No. 03CA0043, 2004-Ohio-6784. Defendant makes no such claim in this case. Therefore, Defendant's guilty pleas waive the error he now assigns on appeal.
 {¶ 9} Defendant's assignment of error is overruled. The judgment of the trial court will be affirmed. *Page 4 
WOLFF, P.J. And BROGAN, J., concur.
Copies mailed to:
Andrew R. Picek, Esq.
James R. Greene, III, Esq.
 Hon. Richard J. O'Neill *Page 1