OPINION
{¶ 1} As a result of engaging in sexual activity with his girlfriend's eleven year old sister, Defendant was indicted on one count of rape, R.C. 2907.02(A)(1)(b), and two counts of gross sexual imposition, R.C. 2907.05(A)(4). Defendant filed a motion to suppress incriminating statements he made during a phone call with the victim's sister which police recorded. *Page 2 
Defendant argued that without a warrant the interception of that phone call by police violated Ohio's wiretapping statute, R.C. 2933.52. Following a hearing, the trial court overruled Defendant's motion to suppress his statements because, prior to recording the phone call, police had obtained permission from one of the parties to the call, the victim's sister, which constitutes an exception to the wiretapping statute. R.C. 2933.52(B)(3).
{¶ 2 Defendant entered a plea of guilty to the rape charge pursuant to a negotiated plea agreement. In exchange, the State dismissed the gross sexual imposition charges. The trial court sentenced Defendant to ten years in prison on the rape charge.
{¶ 3 Defendant timely appealed to this court from his conviction and sentence. Defendant's appellate counsel filed an Anders brief,Anders v. California (1967), 386 U.S. 738, 87 S.Ct. 1396,19 L.Ed.2d 493, stating that he could find no meritorious issues for appellate review. We notified Defendant of his appellate counsel's representations and afforded him ample time to file a pro se brief. None has been received. This case is now before us for our independent review of the record. Penson v. Ohio (1988), 488 U.S. 75, 109 S.Ct. 346,102 L.Ed.2d 300. *Page 3 
 {¶ 4 In his brief, appellate counsel identifies the trial court's order overruling Defendant's motion to suppress his statements as presenting the only possible issue for appeal. By pleading guilty in this case to rape, Defendant waived his right to claim error with respect to the trial court's denial of his motion to suppress his statements. Huber Heights v. Duty (1985), 27 Ohio App.3d 244; State v.Frost, Clark App. No. 06CA0083, 2008-Ohio-1869; State v. Hanneman, Montgomery App. No. 21772, 2007-Ohio-5175. A plea of guilty waives all appealable errors that may have occurred during the trial, unless such errors precluded Defendant from knowingly and voluntarily entering his guilty plea. State v. Kelley (1991), 57 Ohio St.3d 127; Frost, supra;State v. Kidd, Clark App. No. 03CA0043, 2004-Ohio-6784. No such defect is portrayed on the record of this case. Therefore, Defendant's guilty plea waives the error he assigns on appeal. This assignment of error lacks arguable merit.
{¶ 5 In addition to reviewing the possible issue for appeal raised by Defendant's appellate counsel, we have conducted an independent review of the trial court's proceedings and have found no error having arguable merit. Accordingly, Defendant's appeal is without merit and the judgment of the trial court will be affirmed.
 BROGAN, . And DONOVAN, J., concur. *Page 1