OPINION
{¶ 1} Troy Shelton appeals from his conviction and sentence following guilty pleas to nine counts of rape of a child under age thirteen and one count of gross sexual imposition. Shelton entered the pleas as part of a negotiated plea deal that included an agreed thirty-year prison sentence. *Page 2 
 {¶ 2} Shelton's appointed appellate counsel has filed a brief pursuant to Anders v. California (1967), 386 U.S. 738, asserting the absence of any non-frivolous issues for our review. Counsel has set forth one potential assignment of error, however, concerning the voluntariness of Shelton's guilty pleas. Counsel suggests that Shelton's guilty pleas were involuntary because they followed, and were influenced by, an erroneous ruling on a suppression motion.
 {¶ 3} The foregoing argument rests on the premise that the trial court erred in not suppressing statements Shelton made to police. But even if the trial court erred in its suppression ruling, the error did not prevent Shelton from knowingly and voluntarily entering his guilty pleas. State v. Perez-Diaz, Clark App. No. 06 CA 0130, 2008-Ohio-2722, ¶ 4. Therefore, appointed counsel's proposed assignment of error lacks arguable merit.
 {¶ 4} At our invitation, Shelton has filed a pro se brief in which he advances four assignments of error. In his first two assignments of error, Shelton argues that the severance remedy adopted by the Ohio Supreme Court in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, violates various constitutional provisions and operates as an ex post facto law. We have rejected these arguments previously. See, e.g.,State v. Nunez, Montgomery App. No. 22208, 2008-Ohio-3376, ¶ 11;State v. Bell, Montgomery App. No. 22158, 2008-Ohio-2578, ¶ 128-129
(noting our inability to declare Foster unconstitutional).
 {¶ 5} In his third assignment of error, Shelton contends the trial court lacked the ability to impose consecutive sentences becauseFoster excised the statutory provisions authorizing them. We most recently rejected this argument in Perez-Diaz, supra, at ¶ 7-8; *Page 3 
see also State v. Bates, 118 Ohio St.3d 174, 2008-Ohio-1983, ¶ 18-19.
 {¶ 6} In his final assignment of error, Shelton alleges ineffective assistance of trial counsel and appellate counsel. He contends his trial counsel provided ineffective assistance by failing to raise challenges to his sentence. He asserts that his appellate counsel provided ineffective assistance by filing an Anders brief and by failing to give him a copy of his suppression hearing transcript.
 {¶ 7} Upon review, we conclude that trial counsel plainly did not provide ineffective assistance by failing to challenge Shelton's consecutive sentences. His Foster-based arguments lack any merit, the sentences imposed were authorized by law, and Shelton agreed to them as part of a negotiated plea deal. As for appellate counsel, we see no ineffective assistance flowing from the Anders filing. Our own independent review of the record has failed to disclose any errors prejudicial to Shelton upon which a non-frivolous assignment of error might be predicated. Therefore, appellate counsel properly filed theAnders brief. Finally, even if appellate counsel deprived Shelton of a suppression hearing transcript, no prejudice could have resulted because Shelton's guilty pleas waived his ability to challenge the suppression ruling. Perez-Diaz, supra, at
 {¶ 8} We are also persuaded that there is no basis for a claim that trial counsel was constitutionally ineffective for not insisting on a no-contest plea to preserve a challenge to the trial court's resolution of the suppression motion. First, the State may have insisted on a guilty plea as part of the negotiated plea. Secondly, we have read the suppression hearing record. Shelton challenged the admission of his statement because he claimed it was the product of an illegal arrest and was given involuntarily. Shelton was arrested only after it was learned that his nine-year-old son had told his *Page 4 
physician, Dr. Broering, that his father had sexually assaulted him and the doctor also suspected abuse had been occurring between the child and his father. The son confirmed those allegations to Dayton Police Officer Rhonda Williams shortly after police arrived at the defendant's home prior to his arrest. The defendant's statement was not the product of an unlawful arrest. There was no evidence presented at the hearing to suggest the statement by defendant was not voluntarily made. We do not know what evidence was recovered in the search of defendant's residence. Defendant's wife gave consent to the search and she had authority to do so. There is no evidence the defendant objected to the search before it was conducted.
 {¶ 9} Having rejected the arguments raised by Shelton and his appointed counsel, and having conducted our own independent review of the record, we find no non-frivolous issues for appeal. Accordingly, the judgment of the Montgomery County Common Pleas Court is affirmed.
 GRADY, J., and DONOVAN, J., concur. *Page 1