[Cite as *State v. Hudson*, 2013-Ohio-1992.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98967**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## TYWAND HUDSON

DEFENDANT-APPELLANT

### JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-559785

**BEFORE:** E.T. Gallagher, J., Keough, P.J., and McCormack, J.

**RELEASED AND JOURNALIZED:** May 16, 2013

**ATTORNEY FOR APPELLANT**

Steve W. Canfil
1370 Ontario Street
2000 Standard Building
Cleveland, Ohio   44113-1701


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:    Steven McIntosh
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN T. GALLAGHER, J.:

**{¶1}** Defendant-appellant Tywand Hudson ("Hudson") appeals his convictions and the denial of a motion to withdraw his guilty plea. We find no merit to the appeal and affirm.

**{¶2}** Hudson was charged, along with codefendants Michael Brooks ("Brooks") and Johnny Speed ("Speed") (collectively referred to as "defendants"), with one count of aggravated burglary, three counts of aggravated robbery, and three counts of kidnapping, all first-degree felonies. Each count included one- and three-year firearm specifications. The defendants were accused of breaking into an apartment occupied by Ramonda Gibbs ("Gibbs") and her two daughters at approximately 3:00 a.m. The defendants threatened the victims with a gun and ordered them to hide in a closet while they removed several valuable items from the apartment.

**{¶3}** Prior to trial, Hudson's attorney filed a motion to withdraw as counsel, stating that he and his client had irreconcilable differences that made continued representation impossible. Following a hearing, the court denied the motion. The state filed a motion for joinder of the defendants at trial. The state also moved to consolidate the defendants' trial with a separate case against Brooks. The court granted the state's motions and the cases proceeded to a consolidated trial.

{¶4} During the trial, the defendants reached a global plea agreement with the state. The defendants pleaded guilty to reduced charges of one count each of robbery and abduction, both felonies of the third degree, with a one-year firearm specification. The remaining charges were nolled. The agreement also provided that all defendants would receive the minimum sentence of two years incarceration.

{¶5} Prior to sentencing, Hudson made an oral motion to withdraw his plea. The court denied the motion and sentenced Hudson to a two-year prison term in accordance with the plea agreement. It also ordered the defendants to pay restitution in the amount of $6,750 to the victims, jointly and severally. Hudson now appeals and raises two assignments of error.

## Ineffective Assistance of Counsel

{¶6} In the first assignment of error, Hudson argues the trial court violated his constitutional right to the effective assistance of counsel by denying his attorney's motion to withdraw. He contends that his attorney sought to withdraw from serving as his counsel because they had irreconcilable differences that rendered the effective assistance of counsel impossible. As a result, he asserts, his trial counsel's performance was ineffective.

{¶7} A criminal defendant has the right to counsel under the Sixth Amendment of the United States Constitution and Section 10, Article I of the Ohio Constitution. *State v. Milligan*, 40 Ohio St.3d 341, 533 N.E.2d 724 (1988), paragraph one of the syllabus. However, the defendant has no right to counsel with whom he has a rapport or with

whom he can develop a meaningful lawyer-client relationship. *State v. Henness*, 79 Ohio St.3d 53, 65, 1997-Ohio-405, 679 N.E.2d 686. Under the federal and state constitutions, the defendant is simply entitled to the effective assistance of legal counsel.

{¶8} A guilty plea waives all appealable orders including the right to assert an ineffective assistance of counsel claim except to the extent the defects complained of caused the plea to be less than knowing, intelligent, and voluntary. *State v. Spates*, 64 Ohio St.3d 269, 272, 1992-Ohio-130, 595 N.E.2d 351, citing *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). Thus, to prove a claim of ineffective assistance of counsel in the context of a guilty plea, the appellant must demonstrate that there is a reasonable probability that, but for counsel's deficient performance, he would not have pleaded guilty and would have insisted on going to trial. *State v. Xie*, 62 Ohio St.3d 521, 524, 584 N.E.2d 715 (1992); *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

{¶9} Hudson is not arguing that the court failed to ensure that he entered his plea knowingly and intelligently. He argues that his trial counsel was not interested in advocating his interests and that he failed to object to the joinder of the defendants for trial. Hudson contends that the joint trial with the codefendants and the consolidation of Brooks's separate case prejudiced his opportunity for a fair trial and effectively forced him to accept the plea.

{¶10} However, joinder is the rule rather than the exception. R.C. 2945.13, which governs joinder in felony cases, states:

> When two or more persons are jointly indicted for a felony, except a capital offense, they shall be tried jointly unless the court, for good cause shown on application therefor by the prosecuting attorney or one or more of said defendants, orders one or more of said defendants to be tried separately.

Pursuant to Crim.R. 8(A), two or more offenses may be joined if the offenses "are of the same or similar character * * * or are based on two or more acts or transactions connected together or constituting parts of a common scheme or plan, or are part of a course of criminal conduct." While the law favors the joinder of offenses that are of the "same or similar character," the court may sever the charges under Crim.R. 14 upon a showing of prejudice. *State v. Lott*, 51 Ohio St.3d 160, 163, 555 N.E.2d 293 (1990).

{¶11} To effectively claim error in the joinder of defendants in a single trial, appellant must make an affirmative showing that his rights were prejudiced. *State v. Torres*, 66 Ohio St.2d 340, 421 N.E.2d 1288 (1981), syllabus. Prejudice is not demonstrated if one offense would have been admissible as "other acts" evidence under Evid.R. 404(B) or if the evidence of each crime joined at trial is simple and direct. *State v. Schaim*, 65 Ohio St.3d 51, 59, 1992-Ohio-31, 600 N.E.2d 661.

{¶12} Further, a jury is believed capable of segregating the proof on multiple charges when the evidence as to each of the charges is uncomplicated. *Torres* at 343-344. As such, joinder is not prejudicial when the evidence is direct and uncomplicated and can reasonably be separated as to each offense. *Id.*

{¶13} With the exception of Brooks's separate case, the charges against the defendants arose from the burglary that occurred at Gibbs's apartment. The offenses

included burglary, robbery, and kidnapping and were of the same or similar character. They were part of a single course of criminal conduct. The evidence was direct and uncomplicated as to each count, and the jury could reasonably separate the evidence as to each charge. Therefore, Hudson fails to demonstrate prejudice caused by the joinder of defendants.

{¶14} Hudson also fails to show prejudice by the joinder of Brooks's separate case. In the separate case, Brooks was arrested approximately three weeks after the burglary and charged with having a weapon while under disability. Upon his arrest, police found social security cards belonging to the burglary victims. The evidence of this offense was separate and distinct such that the jury could easily separate it from the charges against Hudson.

{¶15} Hudson has failed to affirmatively demonstrate that his rights were prejudiced by the joinder of defendants or by the joinder of Brooks's separate case. Indeed, neither of the codefendants requested a severance. Counsel for one codefendant even stated: "Maybe from a trial tactic, it may even help us instead of hurting us." Had Hudson's trial counsel sought a severance of the trials, his request would have been denied. Therefore, the failure to object to joinder did not constitute ineffective assistance of counsel.

{¶16} Hudson also argues that his trial counsel failed to actively represent his interests at trial. He asserts that his attorney did not participate in voir dire or in the cross-examination of state witnesses and that his lack of involvement proves he was

ineffective. However, the record demonstrates that his attorney actively participated in voir dire. Although he did not ask questions on cross-examination, the state only called two witnesses before the parties reached the plea agreement. With two codefendants cross-examining these witnesses, it is likely that appellant's trial counsel found it unnecessary to pose any questions. His lack of questions, where questions would have only been redundant, indicates good judgment because the repetition of topics previously examined by co-counsel is likely to annoy the court and the jury.

{¶17} Moreover, appellant's trial counsel presented an alibi defense and argued to the jury that Hudson was mistaken for someone else. He arranged to have Hudson's girlfriend and her grandmother testify that Hudson was sleeping in their home the night the burglary occurred. This defense applied exclusively to Hudson, and his attorney performed the work necessary to present it.

{¶18} Having failed to demonstrate prejudice by the joinder of defendants and the joinder of Brooks's separate trial, Hudson fails to establish that he was forced to enter his plea involuntarily. Contrary to Hudson's claim that his attorney's representation of him was deficient because they had irreconcilable differences, the record indicates that they had a functioning relationship and that trial counsel effectively advocated Hudson's interests.

{¶19} Accordingly, we overrule the first assignment of error.

**Hearing on Motion to Withdraw Guilty Plea**

**{¶20}** In the second assignment of error, Hudson argues the trial court erred when it failed to provide a full hearing on his presentence motion to withdraw his plea.

**{¶21}** The Ohio Supreme Court has held that a trial court should "freely and liberally grant" a presentence motion to withdraw a guilty plea. *Xie*, 62 Ohio St.3d at 526-527, 584 N.E.2d 715 (1992). However, a defendant does not have an absolute right to withdraw a guilty plea prior to sentencing. *Id*. at paragraph one of the syllabus. The defendant must set forth a reasonable and legitimate basis for the withdrawal. *Id*. A decision to allow the withdrawal of a guilty plea before sentencing is within the sound discretion of the trial court. *Id.* at paragraph two of the syllabus.

**{¶22}** In *State v. Peterseim*, 68 Ohio App.2d 211, 214, 428 N.E.2d 863 (8th Dist.1980), this court set forth the standard for determining whether the trial court has abused its discretion in denying a presentence motion to withdraw a plea:

> A trial court does not abuse its discretion in overruling a motion to withdraw: (1) where the accused is represented by highly competent counsel, (2) where the accused was afforded a full hearing, pursuant to Crim.R. 11, before he entered the plea, (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion, and (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request. *Id.* at paragraph three of the syllabus.

**{¶23}** Hudson argues he was not represented by highly competent counsel prior to entering his guilty plea and the court failed to hold a hearing. However, as previously stated, the record indicates that Hudson was represented by competent and effective counsel.

**{¶24}** Further, the court held a hearing on Hudson's motion to withdraw his guilty plea. Although the court reacted with frustration by responding that it was "[n]ot going to happen," and that the motion "[wa]s ridiculous," the court afforded Hudson the opportunity to explain why he wished to vacate his plea:

> THE COURT: * * * Mr. Hudson, through his attorney, has requested that he withdraw his plea. Mr. Hudson, why do you want to withdraw your plea?
>
> THE DEFENDANT: I mean, I'm innocent and I feel like my back was against the wall because I was in trial with all three of my codefendants and I feel that they was using one of my codefendants as a chain to bring us all down. I wasn't able to defend myself in a manner that I felt like I should be defending it. You know —
>
> * * *
>
> And * * * they had evidence on one of my codefendants, and I was being told that if they find him guilty they were going to find me and my other codefendants guilty, and I didn't know what to do and I didn't want to drag nobody else into nothing. I just wanted to be tried by myself. It was — I just felt like I didn't have a fair trial.

**{¶25}** The record reflects that the court engaged in a full Crim.R. 11 colloquy. There were also extensive plea negotiations during the trial, including a two and one-half hour session in which all three codefendants and their attorneys met and ultimately reached the plea agreement. Prior to entering his plea, Hudson informed the court that he was entering his plea knowing, intelligently, and voluntarily.

**{¶26}** Furthermore, Hudson agreed to the two-year prison sentence. If he had been convicted of the entire indictment at trial, he would have faced up to ten years on each offense. And because trial had already begun, jeopardy had already attached.

Therefore, although the court expressed frustration upon learning that Hudson wished to vacate his plea, the court held a hearing and acted within its discretion in denying Hudson's motion to withdraw his guilty plea.

{¶27} The second assignment of error is overruled.

{¶28} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


EILEEN T. GALLAGHER, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
TIM McCORMACK, J., CONCUR