[Cite as *State v. Cain*, 2014-Ohio-2670.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MIAMI   COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 2013-CA-31 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 11-CR-368 |
| v. | : | |
| | : | |
| JUSTIN CAIN | : | (Criminal Appeal from |
| | : |  Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 20th day of June, 2014.

. . . . . . . . . . .

ANTHONY E. KENDELL, by JANNA L. PARKER, Atty. Reg. #0075261, Miami County Prosecutor's Office, 201 West Main Street, Troy, Ohio 45373
        Attorneys for Plaintiff-Appellee

JUSTIN CAIN, #A665-130, Lebanon Correctional Institution, Post Office Box 56, Lebanon, Ohio 45036
        Defendant-Appellant, *pro se*

. . . . . . . . . . . . .

HALL, J.,

        {¶ 1}        Justin Cain appeals pro se from the trial court's denial of his Crim.R. 32.1

delayed motion to withdraw guilty pleas.

{¶ 2}    Cain advances two assignments of error. The first challenges the trial court's denial of a suppression motion before he entered his pleas. The second challenges the trial court's denial of his motion to withdraw the pleas.

{¶ 3}    The record reflects that Cain was charged with rape and two counts of gross sexual imposition involving a child under the age of ten. After the trial court overruled a suppression motion, Cain entered into a negotiated plea agreement. It provided for him to plead guilty to the charges against him in exchange for the dismissal of an age specification that would have allowed a prison sentence of life without parole. The parties also negotiated a recommended twenty-one-year prison term in exchange for the guilty pleas. Cain was convicted and sentenced consistent with the plea agreement. More than one year later, he filed a delayed motion to withdraw his pleas under Crim.R. 32.1. The trial court denied the motion, and this appeal followed.

{¶ 4}    As a means of analysis, we turn first to Cain's second assignment of error. There he contends the trial court erred in denying his plea-withdrawal motion. The only legal argument he makes is a claim of actual innocence. Cain asserts that the trial court erred in denying his plea-withdrawal motion where he maintained his innocence. In support of his motion below, Cain argued, without elaboration, that he, the prosecutor, and the trial court all mistakenly had believed his "alleged acts" constituted rape and gross sexual imposition. (Doc. #24). In denying his motion, the trial court noted that Cain had entered his guilty pleas as part of a negotiated agreement that eliminated a potential life sentence and recommended a twenty-one-year sentence. Based on the limited allegations in Cain's motion and supporting affidavit, the trial court found no manifest injustice warranting withdrawal of the pleas.

{¶ 5} We review a trial court's ruling on a plea-withdrawal motion for an abuse of discretion. *State v. Perkins*, 2d Dist. Montgomery No. 25808, 2014-Ohio-1863, ¶ 27. After sentencing, withdrawal of a plea is allowed only in an extraordinary case where a manifest injustice exists. *Id.* at ¶ 30. We see no manifest injustice here and no abuse of discretion in the trial court's ruling. Cain's motion and supporting affidavit offered no explanation how or why the involved parties mistakenly had believed that his alleged conduct constituted rape and gross sexual imposition. Nor did the motion and affidavit cite anything to support his current claim of actual innocence. Under these circumstances, we certainly cannot say the trial court abused its discretion in denying the motion. The second assignment of error is overruled.

{¶ 6} In his first assignment of error, Cain attempts to challenge the trial court's denial of a suppression motion he filed before entering his guilty pleas. He argues that incriminating statements he made to police should have been suppressed. His appellate brief includes an affidavit in which he attempts to establish that the statements were involuntary and were provided in violation of his right to counsel.

{¶ 7} It is well settled, however, that a guilty plea waives a defendant's ability to challenge a suppression ruling. *See*, *e.g.*, *State v. Shelton*, 2d Dist. Montgomery No. 22202, 2008-Ohio-4016, ¶ 7; *State v. Graves*, 2d Dist. Montgomery No. 20818, 2005-Ohio-5579, ¶ 19. Moreover, even if Cain had not waived his ability to challenge the suppression ruling, he would have been required to have pursued a direct appeal, which he did not file. He cannot now challenge the suppression ruling in the context of an appeal from the denial of a delayed plea-withdrawal motion. As for the affidavit accompanying Cain's appellate brief, we cannot consider it. *State v. Alford*, 2d Dist. Montgomery No. 25715, 2013-Ohio-5045, ¶ 11 (recognizing that "a party cannot introduce new evidence on appeal"). The first assignment of error is

overruled.

      **{¶ 8}**    The judgment of the Miami County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

FAIN, and WELBAUM, JJ., concur.

Copies mailed to:

Anthony E. Kendell
Janna L. Parker
Justin Cain
Hon. Christopher Gee