[Cite as *State v. Coomes*, 2025-Ohio-2470.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. Craig R. Baldwin, P.J. |
| Plaintiff - Appellee | : | Hon. Robert G. Montgomery, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | |
| RHONDA COOMES, | : | Case No. 25 CAA 02 0012 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Delaware County
Court of Common Pleas, Case No.
24 CRI 04 0219

JUDGMENT:      Affirmed

DATE OF JUDGMENT:      July 11, 2025

APPEARANCES:

For Plaintiff-Appellee      For Defendant-Appellant

MELISSA A. SCHIFFEL      CHRISTOPHER BAZELEY
KATHERYN L. MUNGER      9200 Montgomery Rd., Suite 8A
Delaware County Prosecuting      Cincinnati, OH 45242
  Attorney's Office
145 N. Union St., 3rd Floor
Delaware, OH 43015

*Montgomery, J.*

**{¶1}** Defendant-Appellant, Rhonda Coomes, appeals the judgment of the Delaware County Court of Common Pleas overruling her motion for substitute counsel prior to entering her guilty plea and being sentenced to 42 years in prison. For the following reasons, we AFFIRM.

## STATEMENT OF THE CASE AND FACTS

**{¶2}** On February 1, 2024, the Delaware County Grand Jury returned a four-count indictment against Rhonda Coomes (Appellant). Bond was initially set at $500,000. Appellant hired an attorney; however, on April 1, 2024, the attorney filed a motion to withdraw citing a communication breakdown and Appellant's failure to pay a retainer fee. The State dismissed the initial case without prejudice as new, additional allegations came to light.

**{¶3}** On April 11, 2024, Appellant was reindicted on three counts of Kidnapping in violation of R.C. 2905.01, felonies of the first degree; and fourteen counts of Endangering Children in violation of R.C. 2919.22, felonies of the third degree. Appellant was appointed new indigent counsel. The charges stemmed from numerous allegations of abuse towards young children who attended her in-home daycare from 2021 to 2023. Much of the abuse was captured on video and is horrific.

**{¶4}** On December 3, 2024, a plea hearing took place. At the start of the hearing, Appellant's counsel advised the court that Appellant no longer wished to plead guilty and wanted to move for substitute counsel. In response, the court stated, "it's too late for that. So no, I'm not doing that unless she wants to go on her own. So, we're what, months into this case, so Tuesday's it [the day trial was scheduled]. *Change of Plea Tr.*,

December 3, 2024, p. 2. The court took a recess to allow the State and Appellant's attorney to discuss a matter. After the recess, Appellant returned with her counsel and informed the court that Appellant wished to proceed with the guilty plea.

{¶5} The court conducted its Crim. R. 11 colloquy and accepted Appellant's guilty plea. Appellant pled guilty to all 14 counts of endangering children, each count for a different child in her care, and the State dropped the three kidnapping charges. On January 27, 2025, the sentencing hearing took place. The court imposed a sentence of thirty-six months in prison on each count and ordered the sentences to be served consecutively, for a total prison term of 42 years. On February 3, 2025, Coomes filed a timely notice of appeal.

## ASSIGNMENT OF ERROR

{¶6} "I. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT OVERRULED COOMES MOTION FOR SUBSTITUTE COUNSEL WITHOUT INQUIRING AS TO THE CAUSE."

## STANDARD OF REVIEW AND ANALYSIS

{¶7} As an initial matter, a guilty plea generally operates as a waiver of all appealable orders, including the right to assert any errors on appeal, unless said errors precluded a defendant from knowingly and voluntarily entering a guilty plea. *State v. Kelley*, 57 Ohio St.3d 127 (1991) (A plea of guilty waives all appealable errors that may have occurred during the trial, unless such errors precluded Defendant from knowingly and voluntarily entering his guilty plea); *State v. Spates*, 64 Ohio St.3d 269, 272 (1992); *State v. Perez-Diaz*, 2008-Ohio-2722, ¶ 4 (2d Dist.). As stated by the United States Supreme Court:

"... a counseled plea of guilty is an admission of factual guilt so reliable that, where voluntary and intelligent, it quite validly removes the issue of factual guilt from the case. In most cases, factual guilt is a sufficient basis for the State's imposition of punishment. A guilty plea, therefore, simply renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction, if factual guilt is validly established."

*Menna v. New York*, 423 U.S. 61, at 62-63, fn. 2 (1975).

**{¶8}** Here, Appellant does not challenge her plea of guilty and does not assert a claim of ineffective assistance of counsel. Appellant only asserts that the trial court abused its discretion in failing to grant her "motion" for substitute counsel. Thus, Appellant waived all additional alleged errors on appeal. Assuming arguendo, that Appellant preserved the issue for appeal, we overrule the sole assignment of error.

**{¶9}** This Court reviews a trial court's decision overruling a defendant's motion for substitute counsel under an abuse of discretion standard.; *State v. Stewart,* 2018-Ohio-684, ¶ 14 (8th Dist.); *Watts,* ¶ 35 (citations omitted.). "The decision whether to remove court-appointed counsel and allow substitution of new counsel is within the sound discretion of the trial court; its decision will not be reversed on appeal absent an abuse of discretion." *State v. Baskin,* 2019-Ohio-2071 (3rd Dist.), citing *State v. Stein,* 2018-Ohio-2345. ¶ 19 (3rd Dist.); *State v. Murphy,* 91 Ohio St.3d 516, 523 (2001).

**{¶10}** Pursuant to the Sixth Amendment of the United States Constitution and Section 10, Article I of the Ohio Constitution, a criminal defendant has the right to counsel. *State v. Milligan*, 40 Ohio St.3d 341 (1988), paragraph one of syllabus. However, the

criminal defendant does not have the right to counsel with whom the defendant has a rapport or can develop a meaningful lawyer-client relationship. *State v. Henness*, 79 Ohio St.3d 53, 65 (1997). "Under the federal and state constitutions, the defendant is simply entitled to the effective assistance of legal counsel." *State v. Hudson*, 2013-Ohio-1992, ¶ 7 (8th Dist.).

{¶11} Thus, "[a]n indigent defendant does not have a right to choose a particular attorney; rather, such a defendant 'has the right to professionally competent, effective representation.'" *State v. Baskin,* 2019-Ohio-2071 (3rd Dist.) quoting *State v. Evans,* 2003-Ohio-3475, ¶ 30 (7th Dist.), citing *Murphy*, at 523 (noting that an indigent defendant must show "good cause" to warrant substitution of counsel). An indigent defendant is entitled to new counsel only "upon a showing of good cause, such as a conflict of interest, a complete breakdown in communication, or an irreconcilable conflict which leads to an apparently unjust result." *Stewart,* ¶ 13 (finding that trial court did not abuse its discretion in denying defendant's motion for substitute counsel, trial court determined that appellant failed to advance a legitimate reason to have new counsel appointed and that appellant did not identify any aspect of counsel's representation that was deficient).

{¶12} Moreover, "[t]he right to counsel must be balanced against the trial court's authority to control its docket, as well as its awareness that a 'demand for counsel may be utilized as a way to delay the proceedings or trifle with the court.'" *Baskin,* quoting *United States v. Krzyske,* 836 F.2d 1013, 1017 (6th Cir.1988), citing *State v. Lawson,* 2012-Ohio-1050, ¶ 24 (8th Dist.); *see also State v. Jones,* 91 Ohio St.3d 335, 342 (2001) (stating that, among the "[f]actors to consider in deciding whether a trial court erred in denying a defendant's motion to substitute counsel include 'the timeliness of the motion'"),

quoting *United States v. Jennings,* 83 F.3d 145, 148 (6th Cir.1996). "In evaluating a request for substitute counsel, the court must balance the accused's right to counsel of his choice [against] the public's interest in the prompt and efficient administration of justice." *State v. Watts,* 2024-Ohio-3385, ¶ 35 (5th Dist.), citing *State v. Smith*, 2021-Ohio-469 (3rd Dist.).

**{¶13}** Appellant claims that the trial court's decision overruling Coomes' motion for substitute counsel was arbitrary, unreasonable, and unconscionable because it made the decision without inquiry into the underlying issues and did not give Coomes a chance to speak.  On the other hand, the State contends that Appellant never officially made any motion for new counsel.  At the beginning of the hearing on December 3, 2024, the court asked if the parties would be ready to go to trial next Tuesday.  Attorney Workman indicated to the court Appellant was planning to request new counsel.

Mr. Workman: Your Honor, Ms. Coomes informed me this morning that she was going to be asking the Court for - - the Court to appoint new counsel for her.

The Court: Well, it's too late for that.  So, no, I'm not doing that unless she wants to go on her own.  So, we're what, months into this case, so Tuesday's it.  What else do you want to talk about?

*Change of Plea Tr*., p. 2.

**{¶14}** During the recess, Appellant apparently discussed the matter further with Attorney Workman.  They returned to the court and stated that Appellant wished to proceed with her guilty plea.  The court proceeded and accepted the plea as knowingly, voluntarily, and intelligently made.

{¶15} Assuming Appellant officially moved for substitute counsel as she suggests, Appellant's request was neither supported by good cause nor was it made in a timely manner. First, there is nothing in the record to suggest any "reason" why Attorney Workman was deficient or that there was a breakdown in communication or an irreconcilable conflict sufficient to demonstrate good cause. Indeed, the only thing we know is that Attorney Workman informed the court that Appellant wanted to make such a motion. Nothing more. Clearly, this Court cannot find an abuse of discretion based on a simple assertion. Second, Appellant's "request," was made only a few days before trial after the case had been pending for months. The court was well within its discretion to deny such a motion based on its untimeliness.

{¶16} Further, Appellant cannot demonstrate she was prejudiced, in any manner, by the trial court's decision not to substitute counsel. Appellant voluntarily chose to proceed with her guilty plea. After the State discussed the allegations regarding each victim, the court asked Appellant "[a]nd do you take issue or believe any of those facts to be inaccurate in any way?" She replied, "[n]o." See *Change of Plea Tr*. at p. 15. The court conducted an extremely thorough Crim. R. 11 colloquy, advising Appellant of all constitutional and non-constitutional rights she was waiving, the possible maximum prison sentence – both concurrent and consecutive, as well as post release control. At the conclusion of the colloquy, the court accepted Appellant's guilty plea as knowingly, intelligently, and voluntarily made. Appellant signed a written change of plea form after reviewing it with Attorney Workman. Appellant told the court she was satisfied with her attorney's representation.

THE COURT: And are you satisfied, fully, with the advice and the counsel that he has provided to you in this case?

MS. COOMES: Yes.

*Change of Plea Tr.*, pp. 15-16.

**{¶17}** Appellant's answers to the court during the plea colloquy demonstrate that there was adequate communication between Appellant and Attorney Workman to ensure an adequate defense and that she understood the substance of the plea. See *Jones,* at 342. There is quite simply nothing in the record to suggest the trial court acted arbitrarily or unconscionably. Thus, Appellant's sole assignment of error is overruled.

## CONCLUSION

**{¶18}** Appellant's sole assignment of error is overruled, and the judgment of the Delaware County Court of Common Pleas is AFFIRMED.

By: Montgomery, J.

Baldwin, P.J. and

King, J. concur.